WILCOX AND
FEARN
vs.
STEAM-BOAT
PHILADELPHIA.

WILCOX & FEARN vs. STEAM-BOAT PHILADELPHIA.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

A packet or sealed letter with bank notes enclosed, delivered by a passenger to the clerk of a steam-boat, for safe keeping, is simply a contract of deposit between *them*, in which the depositary is only responsible for ordinary care.

A steam-boat is not liable for a part of a passenger's baggage, when separated from the rest; or for the contents of a sealed letter or packet when stolen, which has been delivered to a passenger on board, at any place the boat may stop.

The owner of a sealed letter or packet is under no obligation to pay for its transportation, when given to a passenger, and the steam-boat is not liable for its safe keeping.

This is an action, in which the plaintiffs seek to make the owners and master of the steam-boat Philadelphia liable for a package or sealed letter, containing the sum of three thousand eight hundred dollars in bank notes, remitted to the plaintiffs by their agent, and stolen from the custody of the person who had it in charge on board, while the boat was on her passage to New-Orleans.

The defendants deny that any package or sum of money, as alleged, was received on board their steam-boat; or if it was taken on board, it was not to be carried for hire, and they are not responsible for its safety; and further, that if said package was received on board and stolen, it was not occasioned by their negligence, and they are not liable.

The evidence showed that Huntington, the agent of the plaintiffs at Vicksburg, delivered to one Prather, who delivered to Bacon, a passenger on board the steam-boat Philadelphia, a package containing eighteen bank notes of one hundred dollars each, and two bank notes of one thousand dollars each, and a draft to be delivered to the plaintiffs at New-Orleans. Bacon put this package in the iron chest of the

steam-boat, in charge of the clerk of the boat, declaring it to contain money and valuable papers. The key of the iron chest was stolen from the clerk, and the money all taken. It appears that Bacon lost one thousand one hundred dollars of his own money, and the boat nine hundred dollars in the same way, and all by the same robbery.

EASTERN DIST.<br>
January, 1836.<br><br>
WILCOX AND<br>
FEARN<br>
vs.<br>
STEAM-BOAT<br>
PHILADELPHIA.

The district judge, upon this evidence, was of opinion, that the money or package was simply deposited in the iron chest, by the passenger who acted as the plaintiffs' agent in this matter, and which was received as an act of courtesy by the clerk of the boat; that the money was not to be carried for hire; and in the nature of things, steam-boat owners should not be made liable for baggage, because it is in the personal custody of the passenger.

Judgment was rendered in favor of the defendants, and the plaintiffs appealed.

*Conrad,* for the plaintiffs,

1. The defendants being common carriers, undertake for the safe delivery of every thing put on board their boat; and nothing can excuse them, but *vis major,* &c. By the provisions of the code they are responsible for loss, unless they show it is occasioned by accidental and uncontrolable events. Common carriers are also assimilated to inn-keepers. 2 *Kent's Commentaries,* 597. *Story's Commentaries, Nos.* 488, 510, 511. 1 *Locré,* 516. *Louisiana Code,* 2725, 3522, *Nos.* 7 and 19. 11 *Martin,* 579. 1 *Louisiana Reports,* 254, 349.

2. It has been urged, that as no agreement was made for compensation to be paid for the risk, no responsibility attaches. This is not the case. The authorities all agree that the rule is founded in public policy, and not on the principle of compensation, which renders the carrier or steam-boat liable for articles put on board. *Digest, lib.* 4, *title* 9, *line* 3, *sec.* 1. *Ibid., title* 9, *line* 6. 1 *Bell's Commentaries,* 468. 2 *Kent's Commentaries,* 597, 598.

3. The common carrier, for meritorious services rendered, always has his action on a *quantum meruit,* and no particular

11

EASTERN DIST.
January, 1836.

WILCOX AND
FEARN
vs.
STEAM-BOAT
PHILADELPHIA.

agreement is necessary. *Story's Commentaries, No.* 505. 1 *Bell's Commentaries,* 475, 476. 2 *Wendall's Reports,* 327.

4. In the case before the court, the money was in the possession of a passenger, formed a part of his baggage, and consequently those who had charge of the boat, were responsible for its safe keeping. An inn-keeper might as well say he is not responsible for the luggage of his guest, because he does not receive a distinct compensation for his care. 1 *Bell's Commentaries,* 475. 2 *Kent's Commentaries,* 601.

5. The fact of this packet being placed in charge of the clerk, as an officer of the boat, whose appropriate duty it is on board of steam-boats, to take an account and deliver all merchandise on board, and to transact all business with the passengers, so far from diminishing the responsibility of the owners, tends greatly to increase it. 2 *Kent's Commentaries,* 593, 594. 2 *Bosanquet and Buller,* 416.

6. It is next contended, that the captain had received instructions not to receive money for transportation. But third persons cannot be affected by the private instructions given by the owners to the captain. 2 *Wendall,* 327. 1 *Louisiana Reports,* 536.

7. The defendants rely on the notice put up in the boat, that all passengers' baggage was at their own risk. The effect of these notices has been much discussed, and some of the most eminent judges of this country and England, regret they were ever recognised as of any validity. *Story's Commentaries, No.* 554. 1 *Bell's Commentaries,* 474.

8. But it is admitted, that for these notices to have effect, in varying the contract between the parties, the knowledge and assent of the party sought to be effected by them, must be shown. 1 *Bell's Commentaries,* 474. *Story's Commentaries, No.* 558, 560. 2 *Kent's Commentaries,* 606.

9. In this case, no such knowledge is shown to have been given. None can be presumed from the circumstance of printed rules being stuck up in the steam-boat. In fact, the whole doctrine of notices seems inapplicable to steam-boats, where passengers seldom have an opportunity of seeing

them, until their baggage is deposited on board, and the contract for freight and passage complete.

EASTERN DIST.
*January*, 1886.

WILCOX AND
FEARN
*vs.*
STEAM-BOAT
PHILADELPHIA.

*Preston,* for the defendants.

1. The owners of the steam-boat Philadelphia, are not liable in this case, for there is no evidence of any negligence or want of that due care to their passengers, which is usually practised by prudent men.   It is only for the negligence or mismanagement of the master, that renders the owners liable. This doctrine is settled by this court, and was the ancient law on this subject. 1 *Louisiana Reports,* 349, 354.  7 *Martin's Reports,* 282, 283.

2. The Supreme Court of New-York, in a very late case, decided that the master of a ship *was not* responsible, like a common carrier, for all losses which might happen, excepting only, "those by the act of God or the enemies of the country." 6 *Cowen,* 268.

3. It is urged the defendants are liable, on the ground that the money sued for, made part of the baggage or luggage of a passenger.   Here we contest the fact.   It made no part of the passenger's baggage, but was simply money deposited by the passenger with the clerk of the boat, for safe keeping. The owners of steam-boats are not liable for the passage money of a passenger, and to insure large sums not belonging to him, but transmitted to others.   The rigor of the common law, as to common carriers, did not extend to contracts to carry passengers, nor to their luggage on board.   See *Kent's Commentaries, verbo Bailment.   Story's Commentaries, Ibid.*

4. To avoid being responsible for baggage, the owners of steam-boats, as in the present case, invariably give notice "that the baggage of the passengers will be at their own risk."   This notice is binding, as a part of the steam-boat regulations.   A contrary rule and regulation may possibly be applied to stage coaches, as with them the baggage is in the special charge and care of the carrier.   Not so on board steam-boats.   There the passenger brings and takes away his baggage, and has the whole control and superintendence of it on board, during the whole voyage.

EASTERN DIST.    There must be judgment in this case for the defendants.
January, 1836.

WILCOX AND       *Martin, J.*, delivered the opinion of the court.
FEARN
*vs.*                This is an action against the master and owners of the
STEAM-BOAT       steam-boat Philadelphia, to recover from them the sum of
PHILADELPHIA.    three thousand eight hundred dollars, for this amount of
bank notes, which were sent in a sealed packet by a
passenger on board, and stolen or lost, while the boat was on
her passage down the Mississippi river. The plaintiffs are
appellants in this court, from a judgment rendered in the
District Court, rejecting their claim. The facts of the case,
as shown by the evidence, are briefly these : the steam-boat
Philadelphia, while on her way down the river, stopped at
Vicksburg, where one of the passengers received from the
agents of the plaintiffs, a sealed packet, in which was alleged
to be enclosed sundry bank notes, amounting to the sum
claimed, and which was to be delivered to the plaintiffs on
his arrival in New-Orleans. This letter or packet was
delivered by the passenger to the clerk of the steam-boat, for
A packet or     safe keeping, who locked it up in an iron chest. The key
sealed letter with was accidentally mislaid, or stolen from his pocket while he
bank notes en-
closed, deliver- was asleep, and the letter or package stolen.
ed by a passen-
ger to the clerk    The question presented in this case, appears to us to be
of a steam-boat, simply one of deposit for safe keeping, between the passenger
for safe keeping,
is simply a con- and clerk. This is a kind of contract, which it clearly
tract of deposit appears, the clerk had no authority to make, on behalf of
between *them*, in
which the depo- the owners or master ; a contract in which the depositary
sitary is only re-
sponsible for or- does not insure the safety, or become liable for the thing
dinary care.    deposited. He promises nothing but ordinary care and
A steam-boat
is not liable for diligence.
a part of a pas-
senger's baggage    This was not the contract of a common carrier for hire, to
when separated
from the rest; deliver goods at a given place ; for the letter or packet was
or for the con-
tents of a sealed to be returned to the passenger or depositor, at any time he
letter or packet called for it, during or at the termination of the voyage.
when      stolen,
which has been      Neither can the defendants be considered as liable for
delivered to a a part of the passenger's baggage, when separated from the
passenger    on
board, at any rest. It is impossible to admit, that the owners or master of
place the boat
may stop.       a steam-boat are liable for the contents of a letter or sealed

package, which may be delivered to a cabin or steerage passenger, at any place the boat may stop on its way, to take in wood, freight or merchandise, or land or receive passengers. The owner of such a letter, incurs no obligation to pay any thing for the transportation of it; neither does he enable the master of the boat to exercise any control or care over it. He cannot, therefore, and neither can the boat or owners, be responsible for its safe keeping.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

Eastern Dist.
January, 1856.

