## No. 9139.

### MARCUS L. SPENCER VS. MRS. SARAH CULLOM.

In an agreement between a sugar planter and another party for the cultivation of a crop on joint account, the planter is not responsible in damages, for injury done to his co-associate's cane by an unexpected freeze, or for delay in saving the crop, when impeded in his operations by incessant rains and bad roads.

In a settlement of accounts between such parties the court cannot reject the itemized account of one of the parties on the ground that the charges are excessive, and consider expert testimony for the purpose of ascertaining the *quantum meruit*. The items of the account must be scrutinized under the evidence, and rejedted or allowed under the preponderance of evidence.

APPEAL from the Twelfth District Court, Parish of Avoyelles. Barbin, J.

*Thorpe, Peterman & Thorpe* for Plaintiff and Appellee.

*Cullom & Coco* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. This is an action sounding in damages for alleged violations of a contract, and for the payment of a store account.

The litigation grows out of the following facts:

The defendant, who is a sugar planter, agreed to cultivate on joint account with plaintiff, a crop of sugar-cane on a portion of her lands; she was to furnish the land together with a certain quantity of stubble cane then in the ground, and he was to cultivate the whole at his exclusive cost and expense. All the expenses of cutting down, hauling and grinding the cane were to be met in equal shares by them, and the sugar and the molasses were to be divided in kind, in the same proportions between them. Sixty acres of land thus cultivated realized eighty hogsheads of sugar and about one hundred and twenty barrels of molasses.

Plaintiff's claim for damages rests on two grounds:

1. Unskilful cutting down of his cane during a heavy freeze, during which it was allowed to lay too long in the field, in consequence of which it decreased in yield to his loss, which he estimates at $500.

2. The unlawful detention by the defendant of six hogsheads of his share of the sugar, which he had promised to ship at a given time to his merchant, for failing in which his credit was destroyed to his great injury, which he sets up at $3000.

The defense was a general denial, coupled with a demand in reconvention for expenses incurred in grinding the cane, and for his share of which plaintiff had not yet settled.

The district judge rejected the entire claim for damages, and on the settlement of the accounts between the parties, allowed the sum of $110 88 to plaintiff, and he rejected the whole of defendant's reconventional demand. She appeals, and plaintiff prays for an increase of the judgment in his favor, laying great stress on his claim for damages. On the first element of damages which he claims, the record shows that the winter of 1882 and 1883 was very severe on sugar planters, who were met by a killing frost in the middle of December, followed by almost incessant rains in the latter part of that month and the first days of January. The cold snap necessitated the windrowing of plaintiff's cane, part of which was done under his own supervision. The defendant began cutting his cane for the mill on December 26, and ended with his crop on the fourteenth of January following. His complaint is that too great a quantity of his cane was cut in advance of the hauling. The evidence is overwhelming to show that the hauling was impeded by the impassable condition of the roads, and that defendant's employees did everything in their power to save the crop, in which she had a half interest. That part of his claim is too flimsy to justify a serious consideration.

On the other branch of his claim for damages, the record shows that after the crop had been manufactured, and before the parties had agreed on a division of their joint products, plaintiff took from the sugarhouse, with the consent of defendant's overseer, thirty-four hogsheads of sugar and seventy-one barrels of molasses. After investigation, it was discovered that he had inadvertantly taken molasses in excess of the share accruing to him, whereupon the defendant withheld his remaining six hogsheads of sugar as an offset to his unintentional error and advantage. It appears that plaintiff, who had calculated to receive yet more molasses, had obtained credit from a commission merchant in this city on a promise to ship to the latter some twenty barrels of molasses and two of his six hogsheads of sugar. His failure to keep that promise injured him in the opinion of his creditor; to that circumstance he attributes his loss of credit among merchants, to his injury, alleged at $3000, all of which he attributes to defendant's wrongful act in withholding his sugar, which she shipped in her own name, and for which she accounts to him in her reconventional demand. The mere statement of his proposition is its best refutation. The circumstance is an incident illustrating the conversion of usually loose and confiding dealings between friends and neighbors, into bitter distrust and vindictive exaction on final settlements.

We unreservedly affirm the entire rejection of the claim for damages, which, as effects, have no more connection with their alleged causes than the recent Ohio floods had with the present Egyptian troubles.

The first difficulty to overcome in the adjustment of the accounts, is to ascertain the quantity of molasses produced by the joint crop of sugar made by the parties. Some of that sugar was potted on the the same cistern with other sugars belonging exclusively to the defendant. She contends that only eighty-eight barrels were realized, and that, therefore, the defendant had received some twenty-five barrels in excess; and the district judge finds a much larger amount of products in molasses, and that the excess received by plaintiff was only five and a-half barrels, which he values at $14 80 each. We find from the preponderance of evidence, that the sugar (eighty hogsheads) yielded one barrel and a-half per hogshead, and hence the plaintiff should account for eleven barrels, and the price to be charged him is $20 a barrel, under his own admission of the proceeds of his sales.

The reconventional demand includes the cost of many things furnished and paid for by the defendant, exclusive of the cost of labor, which has been settled and is, therefore, eliminated from this discussion.

In his written opinion, the judge à quo informs us that defendant's charges for cord-wood, use of teams, the feed of laborers and many other items of expenditure are so excessive that he ignored or rejected her entire account, and had recourse to expert testimony to ascertain the probable cost of manufacturing sugar per hogshead. In adopting that course he committed two grievous errors. In the first place, he disturbed and re-opened a settlement between the parties touching the amount of wages earned by the common laborers. Plaintiff had furnished in cash his share of that expenditure on the production of the pay-rolls kept by defendant's overseers, and posted up by her bookkeeper. That settlement is final and binding.

In the next place he erred in rejecting an itemized account of alleged expenditures, supported by competent testimony, in order to establish a quantum meruit by expert testimony.

His refusal to entertain defendant's account, because her figures tended to show that a hogshead of sugar would cost more than it would bring on the market, is unsound, and is manifestly not founded on the uniform experience of sugar planters. And besides, if defendant cannot recover in a joint venture her legitimate outlay, the attempt to screen her associate would double her losses, and practically

place her in the attitude of an insurer, instead of a joint cultivator under the contract.

The record shows that all winters like that of 1882 are great scourges on sugar planters, who are caught by the cold snap and rainy season, and invariably entail exorbitant expenses in the manufacture of their sugar, and frequently very heavy losses. Defendant's misfortune cannot deprive her of her just rights against her co-associate in the crop and in the disaster.

We find that the greater portion of defendant's items in her account are proved; and hence, after rejecting all doubtful items in her claim, we have concluded to state the accounts between the parties as follows:

### Amounts Due to Defendant by Plaintiff.

| | | |
|---|---:|---:|
| To One hundred cords of wood furnished to plaintiff | $400 | 00 |
| Twenty-eight cords by the trees, at 75c | 21 | 00 |
| One-half expense in use of her teams | 212 | 50 |
| One-half salary of sugar-boiler | 40 | 00 |
| One-half cost of oil, lime, sulphur, etc | 49 | 25 |
| Thirty-three hogsheads furnished him | 132 | 00 |
| Sixty molasses barrels furnished him | 180 | 00 |
| Filling sixty barrels with molasses | 6 | 00 |
| Heading thirty-four hogsheads sugar | 11 | 90 |
| Eleven barrels of molasses received in excess, at $20 a bbl. | 220 | 00 |
| One-half expenses for feeding sixty laborers | 135 | 00 |
| Amount paid for windrowing cane | 75 | 00 |
| Total | $1482 | 65 |

### Amounts Due to Plaintiff by Defendant.

| | | |
|---|---:|---:|
| To Six hogsheads of sugar sold by her at $70 | 420 | 00 |
| Use of his team | 55 | 00 |
| Amount paid by him, windrowing cane | 75 | 00 |
| Amount of his store account | 167 | 38 |
| Total | $717 | 38 |
| Balance in favor of defendant | $765 | 27 |

And in that amount she is entitled to recover judgment.

The judgment appealed from is, therefore, annulled and set aside. It is now ordered and decreed that plaintiff recover nothing on his demand, that defendant do have and recover judgment against plaintiff on her reconventional demand, in the sum of $765 27, with legal interest from judicial demand, and for costs in both courts.