FOURNET, Justice.
 

 Respondent, Gatien J. Livaudais, instituted this suit in the First City Court of New Orleans to recover the sum of $37.28, the alleged value of a suit of clothes left at the Oriental Laundry, owned by relatrix, Mrs. Lee She Tung, for cleaning and pressing.
 

 The respondent presented his case in a written petition in which he articulately stated his cause of action. The allegations of his petition are, in substance, that his suit was left at the laundry on January 16, 1940; that when he called for it on January 20 he was informed it had been stolen; and that although some time thereafter he was advised the suit had been recovered by the New Orleans Police Department and was requested to call for it, the suit, when duly inspected, proved not to be his. He concluded his petition with the further allegation that the suit was lost, mislaid, or stolen while in the possession of the relatrix, due to no fault or negligence on his (respondent’s) part, and that he was, therefore, entitled to recover from the relatrix the value thereof, which he fixed at $37.28.
 

 To this petition the relatrix filed a general denial and after a trial on these issues the court rendered judgment in favor of the respondent for $20. From this judgment the relatrix appealed to the Court of Appeal for the Parish of Orleans.
 
 [1]
 

 
 *847
 
 While the case was on appeal, the relatrix, with the permission of the appellate court, filed, a supplemental answer in which all of respondent’s allegations were answered categorically and at length, relatrix especially averring the theft of the suit was due to no negligence or fault on her part or on the part of her employees. On the trial of the case, counsel for respondent objected to the filing of this supplemental answer or the introduction of any evidence to show the lack of negligence on relatrix’ part. This objection was sustained by the judge hearing the case in the appellate court on the ground that the special plea was inconsistent with the general denial filed by the relatrix in the lower court and for the further reason that it, in effect, raised new issues not presented when the case was originally tried.
 

 The case is before us now on a writ of certiorari granted relatrix so that we might review this ruling of the appellate judge.
 

 Relatrix’s contention is that the supplemental answer filed in the appellate court did not present new issues since the general denial in the lower court raised the question of her liability and that under it she could have introduced any evidence whatsoever tending to show her freedom from liability. She contends further that if the evidence was not admissible under the general denial,, it was admissible under the supplemental answer which was properly filed in the appellate court because, under the provisions of Section 91 of Article VII of the Constitution of
 
 1921, the
 
 case was on trial “de novo” there and, consequently, open to any defense available.
 

 The universal rule is that “where the relation of bailor and bailee for hire or mutual benefit subsists, it devolves on the bailee to use ordinary care and diligence in the safeguarding of the bailor’s property, and he is answerable for loss or injury resulting from failure to exercise such care, or, as otherwise variously stated by the courts, loss or injury due to his negligence, or ordinary negligence; but he is not responsible for losses not occasioned by the want of such care or the ordinary negligence of himself or his servants unless he 'has violated his contract. Thus * * * a bailee who is not negligent is not, as a general rule, liable for loss or injury due to inevitable accident, theft, forcible taking, and like causes, although negligence may be predicated in such cases upon failure to take such preventive measures as the exercise of the required degree of care would demand.” 6 Am.Jur. 333, Section 248. See, also, 6 Corpus Juris 1121, Section 61; 8 Corpus Juris Secundum, Bailments, 269, §
 
 27;
 
 and 3 Ruling Case Law 96, Section 23. Our jurisprudence is to the same effect. Poydras Fruit Co. v. Weinberger Banana Co., 189 La. 940, 181 So. 452. See, also, Nicholls v. Roland, 11 Mart., O.S., 190; Wilcox & Fearn v. Steamboat Philadelphia, 9 La. 80, 29 Am.Dec. 436; Ford v. Simmons, 13 La.Ann. 397; Schwartz, Kauffman & Co. v. Baer, 21 La.Ann. 601; Thomas v. Darden, 22 La.Ann. 413; McCranie v. Wood, 24 La.Ann.
 
 406; Levy
 
 
 *849
 
 v. Pike Brothers Co., 25 La.Ann. 630; Spencer v. Cullom, 36 La.Ann. 213; Gibbons v. Yazoo & M. V. R. Co., 130 La. 671, 58 So. 505; Scott v. Sample, 148 La. 627, 87 So. 478; and Sea Ins. Co. v. Vicksburg, S. & P. R. Co., 5 Cir., 159 F. 676, 86 C.C.A. 544, 17 L.R.A.,N.S., 925.
 

 Thus it may be seen that the very basis of respondent’s right to recover in the instant case was the failure of defendant to exercise ordinary care. It necessarily follows that the general issue placed that question squarely before the court and, consequently, any evidence tending to show that ordinary care, or the want thereof, was exercised by the relatrix in this case, was admissible. In fact, a review of the record will disclose that such evidence was introduced in the lower court and considered by the trial judge. The mere fact that the relatrix sought to amplify her answer in the appelláte court by categorically answering the allegations of respondent’s petition and, in doing so, gave a detailed statement of the facts of the case, which, if proved, would absolve her from responsibility, could not, in our opinion, be construed as having the effect of changing the issues before the court, for, as just demonstrated, relatrix’s liability could only have been predicated on her failure to exercise ordinary care with respect to the garment left with her by the respondent for cleaning and pressing.
 

 We therefore conclude that the Court of Appeal erred in refusing to.allow the relatrix to introduce such testimony.
 

 P"or the reasons assigned, the judgment of the Court of Appeal for the Parish of Orleans, affirming the judgment of the lower court, is annulled and set aside, and the case is remanded to the appellate court to be there tried on the merits in accordance with the views herein expressed. The cost of the proceeding in this court is to be borne by the respondent.
 

 O’NIELL, C. J., and LAND, J., absent.
 

 [1]
 

 No opinion for publication.