This suit was brought by Floyd Miller, who alleges that on February 22, 1946, he delivered his 1941 Model Ford Coupe to defendant, Hammond Motors, Inc., for certain minor repairs; that the defendant through its employees, received the automobile, advised that the repairs would be completed about 4:30 p.m., on the same date and agreed to telephone plaintiff when the car was ready. Failing to receive notice that the repairs had been completed, about the hour of 9 p.m., he located Mr. Verbourg, Assistant Manager of defendant company, and was advised by him that the car had been delivered to another person, who signed a receipt for it. Plaintiff further alleges that the person who received his automobile from the defendant company was not his agent or employee and was without any authority to receive the car. He further alleges that the person receiving the automobile has stolen it and absconded. He claims that the defendant company failed to exercise ordinary care in the delivery of the car and that through such failure, he suffered damage in the amount of $1,160, itemizing the damage as $1,100 for the loss of his automobile and $60 for the loss of the use of his automobile.
Defendant, Hammond Motors, Inc., filed answer admitting receipt of the automobile, and stated that at the time of the delivery of the car by Mr. Miller, he was accompanied by an unknown person and that Miller specifically instructed the employees of the defendant company to either telephone him when the repairs were completed or deliver the automobile to the party who accompanied him. That the same party called for the car when the repairs were completed, received the car and gave a receipt for it.
According to the testimony of plaintiff, Miller, he was accompanied to the defendant's garage by another man. Mr. Verbourg and Ferrell E. Bennett, defendant company's Assistant Manager and Mechanic, respectively, testified that the other man accompanied Miller to the garage and that Miller gave specific instructions to call him, or deliver the automobile to the other party with him when the repairs had been completed. The trial judge was convinced that these instructions were given and rendered judgment dismissing the suit at plaintiff's cost. A review of the entire record convinces us that his ruling was correct and should not be disturbed.
Our conception of the law is that when one clothes another with apparent authority to act for him, insofar as a third party is concerned, the former will not be permitted to deny the fact:
"* * * With respect to third persons, an agency may arise by necessity, from acts and appearances which lead other to believe that such a relation has been created, i. e., by estoppel; or from operation of law. Moreover, the extent of the authority under an agency actually created may be enlarged by the ostensible or apparent authority of the agent." 2 Am.Jur. 24.
"* * * With respect to third parties who deal with the agent, the agency may be apparent only and exist because of the estoppel of the principal or agent to deny the same after the third party has relied on such appearances, so that he would be *Page 31 
prejudiced if the fact were shown to be otherwise." 2 Am.Jur. 26.
"* * * One who knows that another is acting as his agent or permitted another to appear as his agent, to the injury of third persons who have dealt with the apparent agent as such in good faith and in the exercise of reasonable prudence, is estopped to deny the agency." 2 Corpus Juris Secundum, Agency, § 29, p. 1063.
Defendant received the automobile of plaintiff to be repaired and then returned to the owner, or his representative. It thus became a bailee for hire or depositary and its obligation under the provisions of Article 2937 and Article 2938 of the Revised Civil Code was to take such care of the car as it would its own property. Without any specific agreement extending its degree of responsibility, the defendant would be liable only for loss occasioned by its negligence. It would be liable only for failure to use ordinary care. The applicable rule of law is quoted with approval in the case of Livaudais v. Lee She Tung,197 La. 844, 2 So.2d 232, 233:
"* * * The universal rule is that 'where the relation of bailor and bailee for hire or mutual benefit subsists, it devolves on the bailee to use ordinary care and diligence in the safeguarding of the bailor's property, and he is answerable for loss or injury resulting from failure to exercise such care, or, as otherwise variously stated by the courts, loss or injury due to his negligence, or ordinary negligence; but he is not responsible for losses not occasioned by the want of such care or the ordinary negligence of himself or his servants unless he has violated his contract. Thus * * * a bailee who is not negligent is not, as a general rule, liable for loss or injury due to inevitable accident, theft, forcible taking, and like causes, although negligence may be predicated in such cases upon failure to take such preventive measures as the exercise of the required degree of care would demand.' 6 Am.Jur. 333, Section 248. See, also, 6 Corpus Juris 1121, Section 61; 8 Corpus Juris Secundum, Bailments, 269, § 27; and 3 Ruling Case Law 96, Section 23. Our jurisprudence is to the same effect." See also Scott v. Sample, 148 La. 627, 87 So. 478; Dugan et al. v. Central Storage and Transfer Company, La. App., 23 So.2d 634.
Since we are of the opinion that defendant used ordinary care in delivering plaintiff's automobile to the man designated by the plaintiff, then we are also of the opinion that there was no negligence on the part of the defendant and, accordingly, no liability.
For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be affirmed with costs.
ELLIS, Jr., J., not participating.