106 So.2d 808 (1958)
R. McL. JETER, Plaintiff-Appellee,
v.
Frank B. LACHLE, doing business as Peerless Cleaners, Defendant-Appellant.
No. 8911.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1958.
*809 Ferdinand A. Cashio, Shreveport, for appellant.
Tucker, Bronson & Martin, Shreveport, for appellee.
AYRES, Judge.
Plaintiff seeks to recover of defendant the value of a suit of clothes, the trousers to which were allegedly shrunk and discolored in the process of cleaning at defendant's cleaning establishment to such a degree and extent they could no longer be worn. A further contention was made that the trousers could not be replaced or a new pair matched to the coat and that, therefore, as a consequence, the entire suit was rendered worthless. Defendant admitted delivery of the trousers to his place of business for cleaning and pressing but denied any damage resulted therefrom in the process. From a judgment condemning defendant to pay plaintiff $224.40, plus interest and costs, he has appealed.
The material facts may be briefly summarized. Plaintiff on April 3, 1952, purchased of Rosenblath's in Shreveport, through order from Weinberg Corporation of Chicago, Illinois, a pair of slacks and on May 5, 1952, in a similar manner purchased a jacket of the same material. Receipt of orders was acknowledged on April 7, 1952, and May 6, 1952, respectively. This combination of coat and trousers cost him $169.32 and $55.08, respectively, and made up a dress suit of plaintiff which he wore only occasionally and not exceeding a half dozen times prior to July 1, 1957, on or about which date the trousers were sent to the cleaners for the first time. The award of the trial court was the aggregate of the aforesaid amounts.
When clothes are deposited by a customer with a dry cleaning establishment to be dry cleaned, the relationship created between the parties is a bailment for hire. As to this, the jurisprudence is well settled. LSA-C.C. art. 2929; Livaudais v. Lee She Tung, 197 La. 844, 2 So.2d 232; Holder v. Lockwood, La.App., 92 So.2d 768; Yarborough v. Bogalusa Stream Laundry, Inc., La.App., 74 So.2d 344; Grush v. Boudreaux, La.App., 67 So.2d 752; Paterno v. Kennedy, The Cleaner, Inc., 18 La.App. 649, 138 So. 531.
The degree of care required of a bailee for hire or of a depositary is prescribed by LSA-C.C. art. 2937, which provides:
"The depositary is bound to use the same diligence in preserving the deposit that he uses in preserving his own property."
Therefore, in accordance with the aforesaid provision of the Civil Code, the general rule well established in our jurisprudence is that where the relationship of bailor and bailee for hire or mutual benefit exists, the bailee is under an obligation to use ordinary care and diligence in safeguarding *810 the bailor's property. He is answerable for such loss or injury thereto resulting from failure to exercise such care. Holder v. Lockwood, supra, and Leigh v. Johnson-Evans Motors, Inc., La. App., 75 So.2d 710.
See also the authorities therein cited.
In this regard the measure of care toward the deposit is that as may be "expected from a prudent administrator", as expressed in LSA-C.C. art. 1908 and presupposes "the same diligence in preserving the deposit that he uses in preserving his own property," as prescribed by LSA-C.C. art. 2937.
Where the bailor has established the existence of the deposit and has proven injury or damage thereto, a sufficient prima facie case has been established against the depositary or bailee as to put him upon his defense. The burden is, therefore, upon the bailee or depositary to establish his freedom from fault or negligence or that he used due care. Holder v. Lockwood, supra; Hazel v. Williams, La.App., 80 So.2d 133; Alex W. Rothschild Co., Inc., v. Lynch, 157 La. 849, 103 So. 188; Short v. Lapeyreuse, 24 La.Ann. 45; Nicholls v. Roland, 11 Mart., O.S., 190.
This situation is analagous to a situation where the doctrine of res ipsa loquitur is applicable. In instances such as this, where the relationship of bailor and bailee has been established and damage or injury has been shown to the property constituting the deposit, the burden is upon the bailee or depositary to exonerate himself from the presumption of negligence or fault. Pacific Fire Ins. Co. v. Eunice Motor Car Co., Inc., 47 So.2d 403; Gugert v. New Orleans Independent Laundries, Inc., La.App., 181 So. 653; Davis v. Teche Lines, Inc., 200 La. 1, 7 So.2d 365; Leigh v. Johnson-Evans Motors Inc., supra; Hazel v. Williams, supra.
Pertinent is a brief discussion of the evidence. That the trousers were delivered to defendant for cleaning and pressing in good condition was amply established by the evidence; in fact, no contention is made to the contrary other than the suppositions heretofore referred to. P. F. Rosenblath, who has been in the clothing business for many years, expressed the opinion that the trousers had been wet washed or dry cleaned in fluid diluted with water.
On calling for his trousers at defendant's place of business, plaintiff tried them on, found that they were shrunk and that they were discolored with red streaks or splotches, whereupon he left them with defendant, and, being unable to reach an adjustment, this suit was instituted. The defendant admitted that on delivery the trousers had red streaks and had lost some of their color. Therefore, there could be no serious question but that the trousers were damaged in the process of cleaning and pressing. The evidence submitted by the defendant is insufficient to establish his freedom from fault or that he used due care. Defendant and his cleaner and presser were the two witnesses testifying in this regard. Neither satisfactorily accounts for the cause of the damage. It can not, therefore, be said the defendant has established his freedom from fault or that he used due care. The conclusion is inescapable that he should respond for the damages caused.
We are not impressed, however, that plaintiff has sustained a total loss of the use of his entire suit. Mr. Rosenblath testified that any pair of trousers could be worn with the coat and that the coat could be used as a part of a suit. Rosenblath's yet does business with the Weinberg Corporation and it is not shown beyond question that the coat could not be matched. No effort was shown to positively ascertain that fact, even though Mr. Rosenblath expressed doubt that trousers could now be obtained that would match the coat. It is observed, however, that the coat and pants were ordered, as stated, at different times when they were purchased. From a consideration of the entire record, it could *811 not be said that plaintiff has shown that he has been damaged by the loss of the use of an entire suit. Mr. Rosenblath testified that the trousers could be replaced for $68. That we conclude is the extent of plaintiff's damages.
Accordingly, the judgment appealed is amended by reducing the award to $68 and, as thus amended, is affirmed; the defendant to pay the costs incurred in the district court, plaintiff to pay the costs of the appeal.
Amended and affirmed.