138 So.2d 247 (1962)
LUMBERMENS MUTUAL CASUALTY COMPANY
v.
Lew WALLACE, D/B/A Pelican Sales.
No. 269.
Court of Appeal of Louisiana, Fourth Circuit.
February 5, 1962.
Rehearing Denied March 12, 1962.
Certiorari Denied April 12, 1962.
Kalford K. Miazza, and Kent Satterlee, Jr., New Orleans, for plaintiff and appellee.
*248 Kenneth V. Ward, New Orleans, for defendant and appellant.
Before McBRIDE, SAMUEL and JOHNSON, JJ.
McBRIDE, Judge.
This is a suit brought by plaintiff as subrogee of Gustav A. Eriksen against Lew Wallace, doing business as Pelican Sales, for $1,927.40, the value of a trailer, sixteenfoot boat, and an outboard motor left with defendant for repairs, said articles having disappeared while in defendant's keeping.
The petition in substance alleges that on July 27, 1959, Eriksen brought the said property to defendant's place of business for the purpose of having certain repairs and adjustments made thereon, and that while said property was under the care, custody and control of defendant it was stolen on the night of July 27-28, or it otherwise mysteriously disappeared, and that the said loss was caused solely through the negligence of defendant in failing to provide a safe and adequate place for the storage of the property and in failing to have his place of business properly enclosed to protect against such a loss.
Defendant admits receiving Ericksen's property and also the loss thereof, but denies negligence; he alleges specially that he stored the property in the same and immediate vicinity in which he placed his own, and that he therefore used the same diligence in preserving and caring for Eriksen's property as he did in preserving and caring for his own property, and, therefore, he is not liable for a "bold act" by a thief.
After trial of the case, plaintiff recovered judgment as prayed for and defendant has appealed.
The record shows that Eriksen purchased the equipment from defendant in May of 1959, and that from time to time thereafter he would bring the equipment back to defendant for minor adjustments. It was the custom of Eriksen, who lived in Slidell, to leave the trailer, boat and motor at defendant's place of business on Chef Menteur Highway before opening time on his way to his business in New Orleans. He would then telephone defendant and state the nature of the repairs or adjustments he desired. On July 27, Eriksen left the trailer, motor and boat at defendant's place of business before opening time and later telephoned defendant and requested that a minor adjustment to the steering mechanism of the boat be made. There was no agreement as to a charge for this minor adjustment. The written warranty on the boat had expired, but it is conceded that the adjustment would nevertheless be made merely as a favor to Eriksen without charge. It appears that defendant's mechanics were unable to make the repairs as requested on July 27, 1959, and informed Eriksen to that effect. Eriksen then requested that the adjustments be made on the following day, and he voluntarily left the equipment at defendant's place of business overnight. During the night the property disappeared. Eriksen was familiar with the fact that defendant's property was unfenced and that the trailer, boat and motor would remain overnight in the same place Eriksen had left it that very morning. The storage area is to the rear of the sales room of Pelican Sales, and defendant claims it is well lighted at night. Said space is used by defendant to store his own boats, trailers and other equipment. The storage yard is in the immediate vicinity of defendant's living quarters in a mobile home (trailer). Eriksen's property remained within twenty-five feet of the trailer home. Defendant slept the night of the theft with a loaded revolver close at hand, but he cannot state how the property disappeared, and every indication is that it was removed by a person or persons unauthorized, and the same has never been recovered.
The first issue to be determined is whether this was a compensated deposit. Defendant's contention is that the deposit was a gratuitous one, as it was understood that he would make no charge for the repairs *249 to the steering mechanism but would do the work notwithstanding that the warranty had expired in order to accommodate and favor plaintiff who was a valued customer. There is no question that defendant intended to perform the work gratuitously in order to further the good will of his business insofar as Eriksen was concerned. Defendant admitted on the witness stand that such "service is one of my policies in good business." It appears that said good business policy had netted returns to defendant for he admitted that on one occasion Eriksen had sent him a new customer.
Under these circumstances the deposit cannot be considered to have been gratuitous. In Hazel v. Williams, La.App., 80 So. 2d 133 (2d Cir.) the engine block on plaintiff's automobile became cracked while at defendant's place of business, the automobile having been taken there for the purpose of having the water drained from the radiator. Defendant claimed that the deposit was made without consideration, and, accordingly, should be considered as a gratuitous deposit. The court, however, disagreed and used this language:
"Admittedly, Hazel was a regular customer of Williams and we may well infer the proposal of Wilson was of a business nature and for the purpose of keeping Hazel as a customer. In such an instance the deposit is not gratuitous but becomes an incident of the business in which the depositary makes a profit. Warren v. Geater, 206 Ark. 518, 176 S.W.2d 242; Cyclopedia of Automobile Law and Practice (Blashfield) Vol. 7, sec. 4666 * * *."
It has been held by our courts in any number of cases that parties in situations analogous to the defendant in the instant case are to be considered as compensated depositaries. Livaudais v. Lee She Tung, 197 La. 844, 2 So.2d 232 (cleaning and pressing shop); Emmco Insurance Company v. Bagnerise, La.App., 124 So.2d 316 (automobile parking lot); Leigh v. Johnson-Evans Motors, Inc., La.App., 75 So.2d 710 (automobile repairman); Louisiana Fire Ins. Co. v. R. W. Hodge & Sons Garage, La.App., 42 So.2d 560 (automobile repairman); Miller v. Hammond Motors, Inc., La.App., 40 So.2d 29 (automobile repairman); Kaiser v. Poche, La.App., 194 So. 464 (automobile parking lot); Marine Ins. Co., Limited of London, England v. Rehm, La.App., 177 So. 79 (automobile parking lot).
Defendant's obligation, we believe, is to be determined from the applicable provisions of LSA-C.C. arts. 1908, 2937 and 2938. The measure of care toward the subject matter of the deposit required by LSA-C.C. art. 1908 would be to take all the care of the property that could be expected from a prudent administrator, while under LSA-C.C. art. 2937 the depositary is bound to use the same diligence in preserving the deposit that he uses in preserving his own property. According to LSA-C.C. art. 2938 the provisions of the preceding article are to be rigorously enforced if it has been agreed that the depositary shall have a reward for preserving the deposit. We think that in view of the fact that defendant's good will would be enhanced by the gratuitous service he was to render Eriksen, such was in the nature of a reward for preserving the thing deposited.
There is abundant jurisprudence in this state to the effect that where the bailor or customer proves he made the deposit and that while in the custody of the bailee the property is lost or cannot be returned, a prima facie case is established against the bailee, and it then becomes his duty to show that the loss is due to other causes consistent with due care on his part. Brown & Blackwood v. Ricou-Brewster Building Company, Inc., La.App., 239 La. 1037, 121 So.2d 70; Alex W. Rothschild Co., Inc. v. Lynch, 157 La. 849, 103 So. 188; Great American Indemnity Company v. Ford, 122 So.2d 111; Standard Motor Car Company v. State Farm Mutual Automobile Insurance Company, La. App., 97 So.2d 435; Holder v. Lockwood, La.App., 92 So.2d 768; Hazel v. Williams, supra.
*250 As was pointed out in Jeter v. Lachle, La. App., 106 So.2d 808:
"This situation is analogous to a situation where the doctrine of res ipsa loquitur is applicable. In instances such as this, where the relationship of bailor and bailee has been established and damage or injury has been shown to the property constituting the deposit, the burden is upon the bailee or depositary to exonerate himself from the presumption of negligence or fault. * * *"
In Hazel v. Williams, supra, the court quoted from Corpus Juris Secundum thusly:
"* * * and hence, where chattels are delivered to a bailee in good condition and are returned in a damaged state, or are lost or not returned at all, the law presumes the bailee's negligence or other fault to be the cause, and casts on the bailee the burden of showing that the loss was due to other causes consistent with due care on his part, this rule being regarded as an application of the principle of res ipsa loquitur, and if the bailee does not sustain such burden the bailor becomes entitled as a matter of law to a verdict in his favor."
The defendant is unable to explain what happened to the property as he was sleeping when it disappeared. However, he seeks to exculpate himself from liability by professing that he used the same diligence in keeping Eriksen's property that he uses in preserving his own. It is argued that Eriksen knew that the lot on which the trailer was placed was unenclosed and that Eriksen should have known that the property would be unguarded. Defendant makes the point that he keeps his own property on the lot unguarded, and that all the law exacted of him was that he use the same diligence in keeping Eriksen's equipment that he used in connection with his own property. LSA-C.C. art. 2937 does not contemplate that if the depositary be careless in preserving his own property that he may be careless, without liability, in preserving the deposit. The language of the article means nothing more or less than that the depositary must use ordinary care such as may be expected of a prudent man. Fireman's Fund Indemnity Company v. Sigard, La.App., 129 So.2d 258.
In the case of Kaiser v. Poche, supra, the court held that the defendant's failure to have a proper guard rail around his parking lot would be considered negligence, and in Marine Ins. Co., Limited of London, England, v. Rehm, supra, and also in Kaiser v. Poche, it was held that the defendant was negligent where, in circumstances analogous to those prevailing in this case, he did not have enough attendants or watchmen to properly safeguard the customers' automobiles.
There is no dispute that during the daytime there are workmen present at defendant's place of business, but that during the nighttime none of defendant's employees are on the property, and such equipment as is stored there remains in the open and is absolutely without guard except such as can be given by defendant who sleeps in his trailer on the grounds, which is woefully inadequate as is demonstrated by the happening in this case.
We think that the defendant was negligent in failing to have a proper guard rail surrounding the place where he keeps customers' property or to have present on duty to care for the equipment left with him sufficient employees so as to prevent property from being taken away by unauthorized persons. In view of the evidence we have before us, which we have carefully considered, we have no doubt at all that the depositary, the defendant, utterly failed to meet the requirements of the codal provisions with reference to the measure of care he should have exercised and, therefore, he must make remuneration for plaintiff's loss.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.