McBRIDE, Judge.
This is an action by Eglin’s University Garage Corporation, engaged in the business of parking and storing automobiles, in which it seeks reimbursement of the amount expended by it to repair defendant’s automobile which was damaged while in plaintiff’s care and under its control. On June 4, 1963, defendant parked his automobile in said plaintiff’s establishment and on the same day when defendant called for his automobile, an employee of said plaintiff, while attempting to drive the car down the ramps from the fifth floor to the ground level so as to deliver same to defendant, lost control of the automobile which ran into a manlift or elevator in the establishment. Said plaintiff believing that the accident was caused through the fault of its employee then undertook to have defendant’s car, which had been damaged, repaired at a cost of $799.30. It is alleged that said plaintiff later learned that the accident was not caused through the negligence of its servant, but occurred because a piece of wire which had, for some reason, become lodged on the accelerator cable caused the accelerator, when depressed, to lock in a downward position with the result that the car accelerated at such a high rate of speed that the employee lost control of the vehicle. The other plaintiff, Maryland Casualty Company, the insurer-subrogee of Eglin’s University Garage Corporation, endeavors to recover from defendant the amount it paid for the damage sustained by its insured’s building as a result of the accident aforesaid in the amount of $249.47.
After a trial on the merits, plaintiffs’ demands were dismissed and defendant recovered $149.74 against Eglin’s University Garage Corporation in reconvention and plaintiffs have appealed.
The judge below handed down comprehensive and well-written reasons for judgment covering the case so thoroughly that we adopt the same as our opinion. These are as follows:
“The plaintiff garage is a compensated depositary and, as such, has the obligation of preserving the depositor’s property from harm and to return it to him in the condition in which it was received. Under our positive law, as interpreted by the Appellate Courts, in order to exculpate itself from liability, the compensated depositary must establish that it is free from fault or negligence. Furthermore, it must *549 sustain, by a preponderance of available evidence, the special defense of latent defects, which it urged to negative any negligence on the part of its attendant in the operation of the defendant’s automobile. As stated in the case of Hassell v. Colletti [La.App.], 12 So.2d 31, the compensated depositee must submit proof sufficient ‘to exclude any other reasonable hypothesis in respect to the cause of the accident, except that it resulted solely from the alleged defect’.
“The garage contends that the accident was caused solely by reason of the fact that the accelerator locked to the floor board, and the brakes failed to function. In support of their contention, it presented Everett Joshua, the parking attendant, who was operating the defendant’s vehicle at the time of the accident. According to this witness, he had driven the Rougelot car from the fifth floor and experienced no difficulty until reaching the ramp leading to the ground floor, at which time the vehicle unexpectedly increased its speed from five (5) to forty (40) miles per hour, and, despite his efforts to stop its movement, he struck the glass elevator shaft in the building.
“His testimony relative to these two crucial factual aspects of this matter, the operating condition of the accelerator and brakes on the defendant’s automobile, should be particularly noted. In connection with the braking system, he stated: T tried to stop, but it had no brakes,’ and ‘ * * * I pumped the brakes, but they failed to hold’. As regards the operation of the accelerator, he testified: T don’t step on the accelerator when coming down the ramp’, and, T did not step on the accelerator at the ground floor’. Predicated upon these statements, the accident was caused by a defective accelerator or carburetor, which unexpectedly increased the speed of the automobile, coupled with the lack of proper brakes. The operator denied that he depressed the gas pedal or was in any other manner responsible for the sudden change in the rate of the movement of the vehicle.
“Also testifying on behalf of the plaintiff, was Mr. Lynn Barnfus, an independent expert mechanic, who repaired the damages to the defendant’s automobile. This witness contradicted and refuted the tesitmony of Joshua as to the cause of the accident.
“Mr. Barnfus stated he picked up the car at the scene of the accident. It had good brakes, and he was not required to perform any work to place them in an efficient operating condition. He testified that while road-testing the car, he did experience, on occasions,' that the accelerator would stick, but that the piece of wire attached to the linkage would not, in itself, automatically cause an acceleration in the rate of speed and that an external force on the pedal was required to produce this result. Furthermore, the engaging or sticking action was irregular and infrequent, with no relation to the rate of speed at which the vehicle was moving, nor any consistency in the pattern of its occurrence.
“Thus, the cause of the accident, advanced by the attendant, that the car was without brakes and that the accelerator depressed itself and became locked at the floor board, is completely discredited.
“In view of the aforegoing testimony, and, particularly, that given by plaintiff’s own witness, Mr. Lynn Barnfus, the Court must conclude that the appreciable increase in the rate of speed was caused by the action of the employee and not due to the wire contrivance placed on the linkage by the defendant. This totally unnecessary and unreasonable action of the attendant directly caused the emergency and resulting damage to the Rougelot automobile.
“The defendant admitted that, a year previous to the accident, he had wrapped a piece of wire, on what was later determined to be the accelerator linkage, in order to prevent it from rattling. He denied ever having any difficulty with the accelerator sticking, and he had never received any complaints to this effect.
*550 “Counsel for plaintiff, in his memorandum, submits that ‘the introduction of the foreign matter to the section of linkage by one unfamiliar with the operation of the mechanical functions of an automobile is tantamount to gross negligence’. He implies that the mere placing of the wire on the accelerator linkage by the defendant, is negligence per se. The Court cannot agree with this construction of the law. It is not the introduction of the foreign matter that constitutes negligence, but the unexpected effect that it produces in the normal operation and functioning of the motor and the loss of control resulting therefrom. In other words, it is only when the consequences of the introduction of a foreign material creates a reaction that cannot be reasonably anticipated and produces a condition which renders the normal operation of the vehicle ineffective. Such are not the facts in the instant matter.
“The manager of the garage testified that there were skid marks located on the ground floor, which was denied by the defendant. This evidence is of no substantial significance, since it is but a physical indication of the fact that the Rougelot car did have brakes and that the attendant attempted to stop the vehicle before striking the elevator shaft. In view of the Court’s finding that the accident was caused by the unreasonable and imprudent action of the plaintiff’s employee in negligently increasing the speed of the Rougelot automobile when no need to do so existed, the fact that an attempt was made to stop the vehicle does not relieve the plaintiff of its employee’s negligence. It was by his initial negligence of increasing the speed of the automobile, so that it could not timely be brought to a stop, that resulted in the damages, and not to a complete lack of effort to stop the vehicle once he discovered his position of peril.
“Having thus determined that the damage was caused by the negligent operation of the defendant’s vehicle and not due to any latent defect in the operating condition of its motor, or caused through any negligence of the owner, the plaintiff’s demand must be rejected.
“The defendant reconvened for the sum of $149.74, which was stipulated by counsel to be the amount expended by him for the rental of a car during the period his automobile was being repaired. He is entitled to judgment against the plaintiff, Eglin’s University Garage Corporation, for this expense occasioned by the accident.”
The judgment appealed from is affirmed.
Affirmed.