BOLIN, Judge.
This suit was brought by Mrs. Caskey to recover the value of an antique 1931 Model “A” Ford automobile which was allegedly stolen from the used car lot owned and operated by plaintiff’s son, John H. Caskey, d/b/a Caskey’s Garage in Farmerville, Louisiana. Judgment was rendered against Caskey and his insurer, Travelers Indemnity Company for $1000, the stipulated value of the automobile. Defendant appeals.
Travelers’ policy, which names as the insured John Henry Caskey d/b/a Caskey’s Garage, provides the company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of theft of an automobile. Thus, the question to be determined is whether Caskey is liable for the theft of his mother’s car from his used car lot.
Three articles of the Civil Code of Louisiana constitute the controlling legal principles applicable to the present facts. They are:
Art. 2937:
“The depositary is bound to use the same diligence in preserving the deposit that he uses in preserving his own property.”
Art. 2938:
“The provision in the preceding article is to be rigorously enforced:
“1. Where the deposit has been made by the request of the depositary.
“2. If it has been agreed that he shall have a reward for preserving the deposit.
“3. If the deposit was made solely for his advantage.
“4. If it has been expressly agreed that the depositary should be answerable for all neglects.”
*615 Art. 2939:
“The depositary is not answerable, in any case, for accidents produced by overpowering force, unless he has delayed improperly to restore the deposit.”
The only witness testifying in the case was Mr. Caskey, who described the location and size of his garage and adjoining lot. He testified the open area, where cars were parked when there was insufficient room inside the garage, was about ten feet from the main street of Farmerville; that it would accommodate six or seven cars; that the lot was covered but that no fence, chain or other safety device enclosed the area. He stated further he locked the cars which were left out overnight, but the doors of the Model “A” could not be locked although the ignition key was kept in his desk drawer.
The automobile in question was owned by Mrs. Caskey and was repaired and placed in good condition by her son. The car had last been driven in March of 1967 in a parade celebrating the 125th anniversary of the Town of Farmerville. The car was then returned to the garage where it remained parked in the open area until it was stolen. Caskey testified his principal purpose in keeping the antique automobile parked on the outside was to attract customers for his other cars. He further testified he had many offers to buy the particular automobile, which was not for sale, and had made sales of his used cars as a result of people stopping there to look at the antique. The Ford car was stolen from the open lot the night of July 4th or 5th, 1967.
With regard to whether the facts justify a finding that the nature of the deposit required “rigorous enforcement” of article 2937, we agree with the finding of the trial judge. In his written reasons for judgment he outlined the law and the facts and concluded:
“ * * * since the deposit was made for the benefit of Mr. Caskey as an eye-catcher or advertisement for his business, the provisions of the Civil Code must be rigorously enforced. It is clear that as to the secondhand automobiles that Mr. Caskey had for sale, since he had involved the profit motive for his own benefit, he could take chances with his own stock of merchandise that he shouldn’t take with the property of others, which was not for sale.”
The result of this case depends upon whether Caskey, as the compensated depositary, exercised the care of a prudent man in preserving the property, or whether he was negligent in failing to take the necessary preventive measures as the exercise of the required degree of care demanded. Should we find Caskey failed to take such preventive measures he is answerable for the loss or injury resulting from this failure. See Livaudais v. Lee She Tung, 197 La. 844, 2 So.2d 232 (1941) and cases cited therein; see also Lumbermens Mutual Casualty Company v. Wallace (La.App. 4 Cir. 1962), 138 So.2d 247 (Cert. Denied).
In Lumbermens, supra, the court declared that where the depositor proves the deposit was made, and while in the custody of the depositary the property deposited is damaged, lost, or cannot be returned, a pri-ma facie case is established against the depositary and the burden then is upon the latter to exonerate himself from the presumption of negligence or fault.
In Home Insurance Company v. Southern Specialty Sales Company (La.App. 4 Cir. 1969), 225 So.2d 776, the court, interpreting Article 2937, held it was no defense to an action against the bailee that he “used the same care in preserving the property of the bailor as he used to preserve his own” where it was shown that he was careless in preserving his own property.
The trial judge observed that the place of business of defendant was adjacent to the sidewalk and the front end of each of the vehicles parked under the display shed was adjacent to the sidewalk; that there *616 was no barrier or other obstruction to keep anyone from removing the vehicles from the yard. No employee or other person remained on the premises at night. The fact that the yard was located some two blocks north of the Courthouse in Farmerville did not impress the trial judge as affording added protection.
We conclude, as did the trial judge, that the facts disclose defendant Caskey failed to use the proper diligence in preserving the property of Mrs. Caskey. His actions were not those of a prudent administrator in protecting the deposit and he is therefore liable, together with his insurer, for the value of the stolen automobile.
The judgment is affirmed at appellants’ cost.