247 So.2d 222 (1971)
Mrs. Nancy ZESIGER
v.
James DEAN, d/b/a United Transmission Exchange and/or United Transmission Exchange, Inc.
No. 4378.
Court of Appeal of Louisiana, Fourth Circuit.
April 5, 1971.
Rehearing Denied May 10, 1971.
*223 Donald B. Ruiz, New Orleans, for plaintiff-appellee.
Goldman & Levin, Stanley H. Levin, New Orleans, for defendants-appellants.
Before CHASEZ, GULOTTA and BOUTALL, JJ.
CHASEZ, Judge.
This action was brought by plaintiff-appellee to recover damages for the loss of her car, allegedly caused by the carelessness of defendant-appellant, James Dean d/b/a United Transmission Exchange and/or United Transmission Exchange, Inc. Judgment was rendered in plaintiff's favor in the amount of $732.00, with legal interest from judicial demand and for all costs and defendant instituted this appeal.
The facts are in hopeless conflict. We will attempt to summarize each version of what transpired between the parties.
Mrs. Zesiger testified that in July of 1966 her 1958 Ford Fairlane was not in operating condition. She arranged by telephone to have defendant tow the automobile to its place of business in order to make an estimate of the repair work needed. Several days later, defendant reported to Mrs. Zesiger what it would cost to repair the car. The transmission would have to be reworked and the brakes needed to be repaired. Plaintiff testified that defendant told her that if he could rebuild her transmission the job would cost approximately $150.00, but if he had to use a rebuilt transmission it would cost around $200.00.
Plaintiff stated that she told Dean she had only sixty dollars to her name, but if he would fix the car she would pay him that and arrange to pay the remainder on a weekly basis. She stated that Dean told her that he didn't ordinarily conduct his business in that manner, but considering her circumstances (divorced with three children to support and working as a cocktail waitress) he would make an exception in her case. She testified that she told *224 him to go ahead and start the work. She said she thought it would take approximately two or three weeks to fix the car and by the end of that time she would have the balance to pay for the repairs.
She testified then that she heard no more from Dean for about three weeks when, to her shock, she received a summons in the mail stating that her car had been towed to the police pound for being illegally parked on the street. She did not have the funds to retrieve her car from the pound and it was sold at public auction to cover the costs of the storage fee.
She then testified that she called Dean on the telephone to discuss the situation with him. When she told him what happened she testified that he told her "you know something, I just missed the car."
Plaintiff testified that on telling Dean that she did not have enough money to pay the storage fee and to get the car repaired he told her to go ahead and pay the fee and he would deduct the amount from the cost of the repairs.
She did not get the car, it was sold and this suit resulted.
Dean's version of the story. His testimony coincides with plaintiff's to the point of the telephone call in which they discussed payment. From that point the only similarity in the two versions is the names of the parties.
Dean testified that plaintiff told him that she needed about a week to raise the money. He denied offering to let her pay him the sixty dollars down and the remainder on a weekly or monthly basis. He stated that she definitely did not authorize him to begin the repair work on the car, rather that she had to have time to raise the money.
Dean testified that he waited not one week, but three weeks for Mrs. Zesiger to call him. He stated that he telephoned her at this time and she told him she still did not have the money. He stated that he needed the space since his lot was small. He then testified that she authorized him to put the car out on the street with the keys in it and she would arrange to pick it up. He did so and knew nothing about the police towing it away until he was called by Mrs. Zesiger.
Plaintiff's testimony was corroborated in all respects by Mrs. Dorothy Ettinger Edwards, her mother, who testified on her behalf.
No written reasons were assigned, but the trial judge apparently believed plaintiff's version of the story. Under the circumstances we cannot say he erred in so doing. In factual matters fact finders enjoy a wide discretion and their findings of fact, especially with regard to credibility of witnesses will not be disturbed on appeal, unless the discretion has been clearly abused. We can find no such abuse. Moreover, the law is in favor of plaintiff.
There is no doubt that the relationship between plaintiff and defendant was one of compensated deposit. Leigh v. Johnson-Evans Motors, La.App., 75 So. 2d 710 (2d Cir. 1954); Miller v. Hammond Motors, La.App., 40 So.2d 29 (1st Cir. 1949). There is an abundance of jurisprudence in this state to the effect that where the bailor or customer proves he made the deposit and that while in the custody of the bailee the property is lost or cannot be returned, a prima facie case is established against the bailee, and it then becomes his duty to show that the loss is due to other causes consistent with due care on his part. The bailee, in order to exculpate itself from liability, must show that it is free from fault or negligence, which must be sustained by a preponderance of evidence. Brown & Blackwood v. Ricou-Brewster Building Co., 239 La. 1037, 121 So.2d 70 (1960); Home Insurance Co. v. Southern Specialty Sales Co., La.App., 225 So.2d 776 (4th Cir. 1969); Eglin's University Garage Corporation v. Rougelot, La.App., 198 So.2d 547 (4th Cir. 1967); Lumbermens Mutual Casualty *225 Company v. Wallace, La.App., 138 So.2d 247 (4th Cir. 1962).
A bailee is not, however, the insurer of the bailor's goods but owes the duty of a prudent administrator and to take as good care of the bailor's goods as he would his own. LSA-C.C. arts. 1908, 2937; Norwegian Government Seamen's Service v. Himbert, La.App., 228 So.2d 757 (4th Cir. 1969); General Accident Fire & Life Assur. Co. v. J.F.D.L., Inc., La.App., 148 So.2d 857 (4th Cir. 1963).
In the present case there was sufficient proof of the bailment. The burden then was on defendant to exculpate himself from fault. This he failed to do by sufficient proof. Since we have adopted the trial Judge's version of the facts we, of necessity, reach the conclusion that the finding of liability was correct.
With regard to damages awarded to plaintiff, we find the trial court erred in one respect. Plaintiff was awarded a total of $732.00, representing $350.00 as the value of the automobile; $32.00 in lost wages; and $350.00 inconvenience and mental anguish.
First, regarding lost wages. Plaintiff testified she worked as a cocktail waitress and earned six dollars per day, plus tips, or approximately $15.00 per day. She was required to make two appearances in traffic court which consumed the entire day. We think this sufficient to establish a loss of $32.00 in lost wages and we will affirm this amount.
Next, regarding the $350.00 awarded for inconvenience and mental anguish. Plaintiff testified that the experience of losing her automobile upset her to a great extent, and understandably so under the circumstances; that she was required to impose on family or friends for transportation or was required to ride a bus or cabs to work. The Traffic Court appearances were certainly an inconvenience. We think plaintiff was subjected to at least $350.00 worth of inconvenience and mental anguish and the trial judge was justified in awarding this amount.
Lastly, the trial Court awarded $350.00 to plaintiff as the value of her lost automobile. In her petition plaintiff alleged the value of the car to be $350.00. She testified that she bought the 1958 Ford Fairlane in 1963 for approximately $900.00. It was in 1966 that she lost the car. She testified that at the time the car was picked up it would not run and had not run for nearly a month prior to the date it was towed to defendant's place of business. The trial judge evidently felt the automobile was worth something and as plaintiff prayed for $350.00 as the value of her car, this is what the Court awarded to her. It is clear that the Trial Court was within its discretion to award plaintiff some amount of damages.
In cases where, although there is a legal right of recovery, an exact estimate of damages cannot be made, the courts nevertheless have the discretion to assess damages based upon all the facts and circumstances of the case. Manuel v. Texas Gas Transmission Corporation, La.App., 153 So.2d 157 (3rd Cir. 1963). When it is clear that a plaintiff has sustained some damage as the result of the fault of defendant, plaintiff's demands will not be rejected merely because he has not established the exact amount of compensable damage suffered. Berryman v. International Paper Company, La.App., 139 So. 2d 806 (3rd Cir. 1962). The mere failure or inability of one to prove his actual damages does not preclude him from receiving an award where it is shown that he is entitled to some damages. Becker v. Choate, La.App., 204 So.2d 680 (3rd Cir. 1967).
However, this Court is of the opinion that the trial Court should have taken into consideration the fact that the car was not in running condition due to a faulty transmission. It would have cost $150.00 to $200.00 to return the automobile *226 to satisfactory running condition and an allowance to this effect should have been made in determining the value of plaintiff's automobile. We will therefore reduce the amount of the judgment for value of the automobile from $350.00 to $200.00, the difference representing the amount it would take to return the vehicle to a running condition.
Judgment of the lower Court in favor of plaintiff, Mrs. Nancy Zesiger, against defendant, James Dean d/b/a United Transmission Exchange and/or United Transmission Exchange, Inc. in the amount of $732.00, with legal interest from date of judicial demand and for all costs, is amended to reduce the $350.00 awarded as value of the automobile to $200.00 and is in all other respects affirmed.
Amended, and as amended, affirmed.