## KAISER v. POCHE.

### No. 17270.

Court of Appeal of Louisiana. Orleans.

March 11, 1940.

Rehearing Denied April 22, 1940.

George Sladovich, of New Orleans, for appellant.

Lemle, Moreno & Lemle and Kalford K. Miazza, all of New Orleans, for appellee.

WESTERFIELD, Judge.

Marion E. Kaiser of Natchez, Mississippi, brings this suit against Whitney J. Poche of the City of New Orleans, doing business as "The Club Parking Place", alleging that Poche is indebted to him in the sum of $613.35, the value of a certain 1937 Ford Tudor Sedan Automobile with accessories, which was stolen on August 27th, 1938, while parked with and in the possession of defendant due to the alleged negligence of defendant or his employees in the following particulars:

1. The failure to erect a guard rail or enclosure surrounding the parking lot which fronts on N. Rampart and Iberville Streets to prevent automobiles parked with defendant from being driven off the lot at any point along the front of the lot by unauthorized persons.

2. Allowing the keys to remain in the parked automobiles.

3. Insufficient illumination, and

4. Not enough employees to safeguard the automobiles.

The defendant filed exceptions of no cause and of no right of action which were overruled. In his answer defendant admitted that he owns and operates the Club Parking Place; that the plaintiff had parked his automobile with him on August 27th, 1938, and was given an identification receipt bearing the number 849; that when the plaintiff returned to claim his automobile the car could not be found; and that there is no fence or guard rail around the parking lot. A special defense was set up to the effect that plaintiff had waived all claims for loss or damage to his automobile due to theft or any other cause for the reason that the identification receipt given plaintiff when he parked his car contained, on its reverse, a printed statement to that effect. Answering further, defendant generally denied all responsibility for the loss of plaintiff's automobile upon the ground that all proper precautions had been taken to protect and safeguard plaintiff's and other automobiles parked with him and that since plaintiff's car was lost or stolen, notwithstanding such precautions, he cannot be held liable because his responsibility is not as great as that of an insurer.

There was judgment below in favor of plaintiff in the sum prayed for and defendant has appealed suspensively to this Court.

■ In regard to the exceptions of no right or cause of action, we are not advised as to the ground upon which these exceptions rest, since the matter was not argued, and on our own account we find no merit in them. They were properly overruled.

■ The relation of a proprietor of a parking lot towards his customers is that of a compensated depositary. Under Articles 2937 and 2938 of the Revised Civil Code, a depositary is bound "to use the same diligence in preserving the deposit that he uses in preserving his own property" and "if it has been agreed that he shall have a reward for preserving the deposit", "the provision in the preceding article [Article 2937 concerning the preservation of the deposit] is to be rigorously enforced". See Marine Insurance Company v. Rehm, La.App., 177 So. 79.

■ In the cited case the facts are strikingly similar. There a party by the name of Simon Klein parked his automobile with the "Ideal Parking Lots" at about 9 p. m. on June 4th, 1936, received an identification receipt which he presented about three hours later when he was informed that his car had been stolen. The special defense which was made in that case to the effect that the identification receipt bore on its reverse side a legend to the effect that the proprietor of the parking lot would not be responsible for loss or damage to the automobiles entrusted to him due to fire, theft or any other cause, is practically the same as the one relied on here. In that case we held that since it was not shown that Klein assented to this waiver or had any knowledge of it, it could not be said to constitute a contract between the parties. The same is true in the instant case, where it does not appear that Kaiser knew anything about the limitation of the liability of the proprietor of the Club Parking Place. The special defense is, therefore, without merit.

In regard to the charge of insufficient illumination plaintiff appears to have abandoned this contention. Moreover, the record indicates that the parking lot was properly lighted.

The next ground upon which the defendant is charged with negligence concerns the leaving of the keys to the automobiles in the cars. The testimony is to the effect that this is the general custom of parking lots and that any other arrangement would involve serious inconvenience to the patrons as well as the parking lot proprietors and employees. For example, the keys might be lost or interchanged. We express no opinion as to the legal effect of this practice except to say that by leaving the keys in the cars, they may be more readily stolen and on that account greater care on the part of the depositary is necessary.

The Club Parking Place fronts one hundred and ten feet on N. Rampart Street and ninety feet on Iberville Street, forming the corner of Rampart and Iberville. When the lot is fully occupied, as the testimony indicates was the case when Kaiser's car was stolen, a row of cars fronts on Rampart Street and any car in the front row may be driven across the banquette and on to the street by any person having access to the automobile. Of course, it is also true that cars on other portions of the lot may be driven off too, whether the lot be fully occupied or not, but in the latter case there is more likelihood of detection. The absence of a guard rail facilitates the unlawful removal of the automobiles.

As to the number of employees on duty the night Kaiser's car was stolen the evidence is conflicting. The defendant, Poche, testified that he had two men on duty during the day and two during the night; that the day men had no regular time for leaving the lot and were off duty sometime between 6:30 and 8 o'clock, depending on the number of automobiles parked on the lot at the time; that the night men report for duty at 6 o'clock and that between the hours of 6 and 8 o'clock on the night of August 27th, 1938, three of his employees were present. Plaintiff's car was parked at about 5:15 p. m. and was discovered to be missing when the plaintiff returned for it about 8 o'clock p. m.

Claude Abadie testified that he was one of the defendant's employees and that he was on duty on August 27th, 1938, between the hours of five and eight o'clock p. m. and that he received the automobile from the plaintiff and parked it in the front line on Rampart Street. He also stated that there were four men on duty between those hours on that particular day.

Robert Poche, another employee of the defendant, testified that though he was on duty between the hours of five and eight o'clock p. m., that he knew nothing about the missing automobile until sometime later when he was informed of the theft.

Stephen Abadie, another employee of the defendant, testified that he was on duty between five and eight o'clock p. m., but

subsequently admitted that he was mistaken in that respect, and was not there at all.

None of the three employees could recall having seen Kaiser when he came to reclaim his automobile. However, both Mr. Kaiser and his wife testified that when they came for the car at 8 o'clock there was only one attendant on duty to whom Kaiser surrendered his identification receipt and asked for his car; that just about that time someone else came to park an automobile and the attendant told them (the Kaisers) that they would have to wait until the newcomer could be taken care of as he was the only employee on duty at the time. Mr. Kaiser testified that while waiting still another automobile came up, but that it could not be accommodated due to the crowded condition of the lot.

The circumstance that none of the three employees remembered having seen Mr. Kaiser when he came to obtain his car is most significant, for the fact that a car was lost or stolen should have impressed itself upon the mind of the employee who was unable to make delivery. The testimony is that very few cars were ever missing during the defendant's conduct of his business, consequently, such an event was unusual. The trial judge, in his reasons for judgment, found that the failure to produce the employee who had been approached by Kaiser in an effort to obtain his automobile was "the most damning thing in this case". It is certainly suspicious.

We are of opinion that the defendant was negligent in failing to have a proper guard rail surrounding his parking lot and in failing to have sufficient employees on duty to care for the automobiles parked there and prevent their being removed by unauthorized persons. As we have said, our Civil Code provides that the obligation of a compensated depositary is to use the same care with respect to the deposit as he would with his own property and this obligation must be understood in the strictest sense. Upon the evidence which we have considered in this case, we are convinced that the depositary has failed to meet the requirements of the codal provisions.

We are informed by plaintiff in his brief that since this appeal was lodged in this Court, the stolen car was recovered in Valliant, Oklahoma, in a damaged condition and sold by plaintiff to the best advantage. It will, therefore, be necessary that this case be remanded to the Civil District Court for the purpose of introducing evidence to prove the value of the stolen car when recovered. The amount allowed by the trial court for the automobile and accessories is not in dispute and seems to us to be fair and reasonable. However, this sum, $613.35, must be credited with the value of the recovered automobile and the case is remanded solely for this purpose.

For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that this cause be remanded to the Civil District Court for the Parish of Orleans for further proceedings according to law and not inconsistent with the views herein expressed.

Reversed and remanded.