Dr. E.O. Munson, a dentist residing in the Town of Clinton, Louisiana, brings this suit against George P. Blaise, the proprietor of a parking lot in the City of New Orleans, for $125, alleging that on November 25, 1940, he parked his automobile with the defendant's employee in charge of the parking lot and informed him that various articles of clothing were on the back seat of the car; that when he called for the automobile some hours later the wearing apparel was missing. He alleges that the negligence of the employees of the defendant caused the loss of his personal effects.
The defendant admitted that the plaintiff's car had been parked with his representative on the day mentioned in his petition, but denies any knowledge of the personal effects said to have been in the automobile.
There was judgment below in favor of the plaintiff as prayed for, and defendant has appealed.
The relationship between the proprietor of a parking lot, and the owner of an automobile parked with him, is known as "bailment" in the common law and as "a hiring" or "compensated deposit" in civil law. Levy v. Kirwin, 6 La.App. 93.
The obligation of the depositary is to take such care of the thing deposited as he would of his own property. R.C.C. Articles 2937 and 2938. He is liable for any loss or damage caused by his negligence. The ordinary responsibility of the depositary may be enlarged or contracted by special agreement. The mere fact that signs purporting to limit the responsibility of the proprietor are placed on a parking lot or printed matter on the token given the owner of the automobile, is without effect unless it be shown that such signs or printed matter have been called to the attention of the customer. Kaiser v. Poche, La.App., 194 So. 464; Marine Insurance Company v. Rehm, La.App., 177 So. 79.
Dr. Munson testified that on November 25, 1940, at 10:00 o'clock a.m., he left his automobile with defendant's servant in charge of defendant's parking lot on St. Charles Street near Poydras in the City of New Orleans; that he cautioned the attendant that the car contained an overcoat and various articles of clothing and that special care should be taken of it on that account; that the attendant, who it developed was one Charles Peterson, replied that he (meaning his employer) would be responsible for the articles left in the automobile; that he called for the car about three o'clock on the same day and found it on the street; that he took possession of it and drove to the Charity Hospital, about a mile away; that as he was leaving his car in front of the hospital, he looked for his overcoat and discovered that all of his clothing was missing; that when he parked the car Peterson, a white man, took charge of it, but that when he came for the car at three o'clock, it was delivered to him by Louis Williams, a negro.
There is a sign on the lot reading "Not responsible for Articles Left in Car", but this sign is not shown to have been brought to the attention of Dr. Munson and can be considered as unimportant. Kaiser v. Poche, supra.
Both Peterson and Williams deny any knowledge of the Doctor's personal effects. It thus appears that the only evidence we have concerning the deposit of the lost articles with defendant's employees is that given by Dr. Munson himself. Mr. Blaise, the proprietor of the parking lot, was at no time present and, ordinarily, we would say that his employee was without authority to enlarge upon his responsibility by undertaking to care for personal property left in the automobile, since such an agreement would be beyond the scope of the authority of an agent and servant because, such articles were not necessary or useful equipment of the automobile.
In American Jurisprudence, Volume 24, page 492, is found the following:
"While a garage keeper cannot be held liable for the loss of articles left with his employees which they had no authority to receive, he may be held liable for the loss of extra tires and tubes and other such equipment of the car which is regarded as within the protection of a contract of bailment". *Page 625 
The testimony of Peterson, however, is to the effect that there was a place in the office of the parking lot where packages, when called to his attention, were stored. This statement is denied by Williams, the negro attendant, probably because he was not aware of the existence of such storage place, since it is shown by the testimony of Peterson that it was very rarely taken advantage of by patrons of the parking lot.
However, we are convinced that the defendant maintained a place for the storage of parcels belonging to his patrons, consequently, his employee had the authority to contract for the care of such property. The question is, did he do so? We have no doubt of the good faith of Dr. Munson, and it may well be that he did leave these articles of clothing in his automobile, and that he also called the attention of the person in charge of the parking lot to the fact that they were there, but he had failed to prove that fact by a preponderance of the evidence or with legal certainty, for though he is positive that he left his clothing in his car when it was parked with defendant and that he was careful to call Peterson's (defendant's employee) attention to it, both Peterson, with whom the car was parked and Williams (defendant's negro employee), who delivered the car to Dr. Munson, deny any knowledge of the clothing.
The burden of proof rested upon Dr. Munson and he has failed to sustain it unless it can be said that the evidence of Peterson and Williams is incredible. Their evidence has not been impeached and is, we believe, quite plausible. Why would Peterson leave Dr. Munson's property which consisted of about 7 or 8 different articles, such as an overcoat, shirts, socks, shaving utensils, etc., in his car when his instructions were to place such things in the office? With such property, so easily stolen in the doctor's automobile, it would be the height of carelessness to have left it unlocked and on the public street as testified by Dr. Munson. Why would Peterson take such chances when he could so easily have put the articles in a safe place? It seems most unreasonable to suppose that he would so neglect his employer's interest and jeopardize his position as well for so slight a consideration. If it be said that automobile drivers seldom have witnesses with them when their cars are parked with garage keepers and, therefore, to require preponderating evidence of special agreements concerning the packages left in their cars would work considerable hardship, our answer is, in the first place, that the law requires such proof and, moreover, the hardship is more apparent than real because it would be a simple matter to insist upon a token or claim check for packages such as is now given for the automobiles.
The question of whether defendant's employees were guilty of negligence in that they allowed the automobile to remain on the sidewalk or street is of no consequence under the circumstances, since the alleged agreement to care for the stolen or lost property has not been proven.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of the defendant dismissing plaintiff's suit at his cost.
Reversed.