106 So.2d 855 (1958)
Ernest LEE and Mrs. Kathleen Hastings Lee
v.
NEW ORLEANS ROOSEVELT CORPORATION and Parking Service, Inc.
No. 21065.
Court of Appeal of Louisiana, Orleans.
December 1, 1958.
Rehearing Denied December 15, 1958.
*856 Chaffe, McCall, Phillips, Burke & Hopkins, C. Manly Horton, Jr., New Orleans, for plaintiffs and appellants.
Clay, Coleman, Dutrey & Thomson, Louis J. Dutrey, New Orleans, for defendant and appellee Parking Service, Inc.
REGAN, Judge.
Plaintiffs, Ernest Lee and his wife Kathleen Lee, instituted this suit against the defendants, New Orleans Roosevelt Corporation and Parking Service, Inc., endeavoring to recover the sum of $1,563, representing the value of personal property which was missing from the trunk of their automobile when it was subsequently returned to them after having been misdelivered by Parking Service, Inc. to a person other than the plaintiffs and without the surrender of the claim check designated as number 9152.
The defendant, New Orleans Roosevelt Corporation, answered and denied liability for any loss incurred by the plaintiffs and in the alternative pleaded the limitation of liability as provided in Article 2971[1] of the LSA-Civil Code.
The defendant, Parking Service, Inc., pleaded the exceptions of no right or cause of action and vagueness, which were properly disposed of by the trial judge, and then answered denying liability for the alleged loss of the personal property missing from the trunk of plaintiffs' automobile, but conceded that it had been delivered without the simultaneous surrender to it of the claim check; and in the alternative it pleaded the contributory negligence of the plaintiffs.
At the inception of the trial in the lower court, plaintiffs abandoned their suit against the defendant New Orleans Roosevelt Corporation.
From a judgment in favor of both defendants, Parking Service, Inc. and New Orleans Roosevelt Corporation, dismissing plaintiffs' suit, they have prosecuted this appeal only against the defendant Parking Service, Inc.
The record reveals that the plaintiffs, Ernest and his wife Kathleen Lee, arrived at the University Place entrance to the Roosevelt Hotel on May 24, 1954, shortly after 7 p. m., where they planned to register as guests. He testified that he was approached by a man in a "maroon" uniform whom he referred to as "doorman" and who asked Lee if he desired to register and have his car parked. Both Mr. and Mrs. Lee asserted in their depositions that in the presence of and with the assistance of this doorman, Lee proceeded to remove certain property from the interior of his automobile and transfer these items to the trunk of the car.
Philip Anderson, a colored attendant for the defendant Parking Service, Inc., who the record shows wore a green jacket and cap and tan trousers, then received in custody for storage plaintiffs' automobile. But before delivering the automobile to this attendant, Lee asserted that he removed the trunk key from his key ring. Thereafter the attendant drove the automobile to the defendant's garage where it was stored and remained until ordered the next day by telephone. The person who telephoned for the automobile ordered it by check No. 9152 and requested that it be sent to him at The Warwick, which was a very short *857 distance from the garage. Pursuant to these instructions, Eddie Jackson, an employee of the defendant drove the car to the Warwick apartments where it was delivered to this individual. He received the automobile and paid the storage charges which had accrued up to the time of delivery. He then advised Jackson that he had forgotten his claim check in his hotel room but would return it to the defendant when he delivered the car to the garage for further storage. A day later the plaintiff, Lee, visited defendant's garage and requested his automobile. The circumstances of its delivery hereinabove referred to were explained to him. He denied receiving the car, and the defendant after a diligent search of its facilities assumed that it had been stolen and accordingly the police were notified. Sometime later the car was recovered. The plaintiff returned to the garage and informed the management that he had found some of his personal property in the car but that other items thereof, owned both by him and the Sunbeam Corporation for which he worked as a salesman, were missing therefrom. Defendant advised the plaintiff that it did not insure the contents of automobiles accepted for storage and that it possessed no knowledge of the articles which he claimed were in the automobile when it was garaged. The plaintiff then asserted to the management that he knew that parking garages did not insure property left inside of the automobiles or in the trunks thereof, and therefore "he had removed the key." However, two keys for the trunk of the automobile were found on the key ring when the automobile was recovered.
In any event several months after the foregoing incident occurred, plaintiff instituted this suit to recover the value of the personal property which he asserted was missing from the trunk of his automobile at the time that it was recovered and delivered to him by the defendant.
Plaintiffs contend that due notice or knowledge was afforded defendant, Parking Service, Inc., through its duly authorized agent Philip Anderson, of the contents of the trunk of the vehicle upon its delivery and that defendant by its gross negligence caused the loss of the contents of the car and therefore the defendant is liable for the reasonable value thereof.
Defendant on the other hand maintains that there is no evidence in this record reflecting that the owner of the garage or its employee agreed in any manner to care for the articles which plaintiffs assert were stolen.
Under the jurisprudence of Louisiana, the operator of a parking lot or garage has been termed a compensated depositary or employing the use of common law terminology, a compensated bailee.[2] The responsibility of a depositary is that of an ordinary prudent man using "the same diligence in preserving the deposit as he uses in preserving his own property."[3] The responsibility of the depositary, such as the proprietor of a parking lot or garage, may be enlarged or contracted for by special agreement.[4]
The question which the foregoing conclusion poses for our consideration is whether the ordinary responsibility of the depositary was enlarged by notice, knowledge, or special agreement.
We are of the opinion that the responsibility of the proprietor of the parking lot or garage was not enlarged or contracted for by either notice, knowledge, or by special agreement since the record is devoid of any evidence which would show *858 with that certainty that the law requires that the proprietor of the garage or its employee agreed in any way to care for the articles which plaintiffs assert were stolen from the trunk of their automobile while it was in the custody of the defendant.
Plaintiff never testified that he specially requested the defendant's attendant to whom the car was delivered to take care of his property which was contained in the trunk of the vehicle or that the attendant agreed to do so. He simply asserts that in the presence of and with the assistance of a person whom he designated as a "doorman" wearing a "maroon" uniform he removed certain personal property and luggage from the interior of the car and placed them in the trunk thereof and that subsequently he was given a claim check for his car and before turning over the keys thereto to the defendant's attendant, who, the record shows, was wearing a "green" uniform, he removed the trunk key from the ring to which the ignition key was attached.
If the responsibility of the proprietor of the parking lot or garage was enlarged or contracted for by special agreement, it had to be predicated on the fact that the plaintiff placed this personal property in the trunk of his vehicle in the presence of the defendant's attendant. However, it will be noted that he does not say this; he simply says that this was done in the presence of a "doorman" wearing a "maroon" uniform, who appears to be an employee of the hotel but certainly not the employee of the defendant who the record reveals wore a green uniform. The plaintiff has never stated that he made an agreement with the defendant's attendant to care for this luggage, but he is in effect asserting that the removal of this luggage to the trunk of his car in the presence of the "doorman" wearing a "maroon" uniform constituted such notice to the defendant so as to make it responsible for this luggage. Obviously the obligation of the depositary was not enlarged in any manner by the foregoing facts.
Plaintiffs finally have asserted that the defendant was so grossly negligent in misdelivering plaintiffs' automobile to an unknown person without the simultaneous surrender of the claim check that this negligence amounted to a conversion of its contents by the depositary.
Certainly the defendant was initially negligent in misdelivering, or delivering plaintiffs' automobile without the simultaneous receipt of the claim check therefor. However, that negligence, since the car was recovered, ceased, or at least was of no significance insofar as it related to the loss of plaintiffs' personal property, because the record is devoid of proof of such notice or knowledge as would constitute a tacit or implied agreement with the depositary to care for the property which was lost or stolen from plaintiffs' automobile during the period of the deposit.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] "No landlord or innkeeper shall be liable under the provisions of the foregoing six articles to any guests or party of guests occupying the same apartment for any loss sustained by such guests or party of guests by theft or otherwise, in any sum exceeding one hundred dollars, unless by special agreement in writing with the proprietor, manager or lessee of the hotel or inn a greater liability has been contracted for. * * *" Art. 2971, La.Civil Code of 1870, LSA-C.C.
[2] Munson v. Blaise, La.App.1943, 12 So. 2d 623.
[3] Kaiser v. Poche, La.App.1940, 194 So. 464, 466; Art. 2937, La.Civil Code of 1870, LSA-C.C.
[4] See Munson v. Blaise, La.App.1943, 12 So.2d 623, 624.