140 So.2d 809 (1962)
Herbert MINTZ
v.
AUDUBON INSURANCE COMPANY, Mike Persia Chevrolet Company, Inc., and New Amsterdam Casualty Company.
No. 439.
Court of Appeal of Louisiana, Fourth Circuit.
May 7, 1962.
Steeg & Shushan, Donald A. Meyer, New Orleans, for plaintiff-appellee.
Lemle & Kelleher, Paul B. Deal, New Orleans, for defendants-appellants, Mike *810 Persia Chevrolet Co., Inc. and New Amsterdam Casualty Co.
Before YARRUT, SAMUEL and HALL, JJ.
YARRUT, Judge.
Defendants appeal from a judgment awarding Plaintiff $171.75, the value of certain articles left in an automobile that was delivered to one of Defendants, Mike Persia Chevrolet Co., Inc., for servicing and repairs. Defendant referred to herein will be to Mike Persia Chevrolet Co., Inc.
It is not disputed that Plaintiff left an automobile with Defendant for servicing and minor repairs, which was to be returned to him the same afternoon. When Plaintiff called for the automobile that afternoon, he was advised that it had been stolen. The automobile alone was subsequently recovered. Plaintiff was an amateur radio repairman.
The value of the automobile is not at issue here, because Plaintiff did not own the automobile at the time, and the question of ownership is pending in the district court.
Defendant's liability as bailee for the loss of the automobile by theft is conceded. The only issue is whether Defendant had actual or constructive notice of the articles Plaintiff left in the automobile when it was delivered to Defendant's employee. The articles for which recovery was allowed by the district court are:

"Man's umbrella $ 15.00
Medicine Kit 5.00
Zenith Transistor Radio 56.00
Sheaffer Fountain Pen 10.00
Sun Glasses 15.75
Tool Kit for repairing
 radios and television sets 40.00
Hydraulic Pump 30.00
 _________
Total $ 171.75"

Plaintiff testified the above articles were in the automobile when it was delivered to an employee of Defendant. Plaintiff received a written receipt for the automobile signed by "Eddie," identified as an employee of Defendant, no longer in its employ, and whose testimony was not taken. Plaintiff's testimony remains unchallenged that these articles were in the automobile when it was delivered to Defendant's employee.
Defendant's service manager testified that all customers were required to leave the keys in the automobiles, as it was necessary, from time to time, to move the cars to make room for others.
The relationship of Plaintiff and Defendant was that of depositor and depositary, and the liability of the latter is fixed by LSA-C.C. Arts. 2937 and 2939.
"Art. 2937.
"The depositary is bound to use the same diligence in preserving the deposit that he uses in preserving his own property."
"Art. 2939.
"The depositary is not answerable, in any case, for accidents produced by overpowering force, unless he has delayed improperly to restore the deposit."
The sole question here is whether or not, under LSA-C.C. Arts. 2932 and 2933, the depositary had actual or constructive notice that the articles were in the automobile when delivered to Defendant.
"Art. 2932.
"The voluntary deposit takes place by the mutual consent of the person making the deposit and the person receiving it."
"Art. 2933.
"The voluntary deposit can only be regularly made by the owner of the thing deposited, or with his consent expressed or implied.
"Consent is implied when the owner has carried or sent the thing to the *811 depositary, and the latter knowing that the thing had been sent, has not refused to receive it."
Since the automobile was delivered to an employee authorized to receive it, and the articles were such as might be expected to be left in an automobile when delivered to a garage or mechanic for servicing or repair, Defendant is responsible if its employee had actual or constructive notice.
The cases of Munson v. Blaise, La.App., 12 So.2d 623, and Lee v. New Orleans Roosevelt Corporation, La.App., 106 So.2d 855, clearly establish these principles.
Defendant calls our attention to the exculpatory clause in the signed receipt given to Plaintiff, to the effect it was "Not responsible for losses or damage to cars or articles left in cars, in case of fire, theft or any cause beyond our control." Whether or not this particular exculpatory clause was called to the attention of Plaintiff is not important, as it is nothing more than a declaration of the duty and obligation the law would impose without such declaration. It is significant, however, to show Defendant contemplated that articles might be left in automobiles entrusted to it for repair and servicing; and that Plaintiff could not protect himself by locking it, since he had to leave his keys in the car.
In view of the fact that these articles were such as would ordinarily be left in an automobile temporarily delivered for servicing or repair, and the undisputed testimony of Plaintiff is that such articles were in the car at the time delivered to Defendant's authorized employee, Defendant is responsible for failure to account for their return by exonerating itself from negligence or responsibility for such failure by theft.
In the alternative, Defendant urges that most of these articles had been in use for some time, and were subject to depreciation. Since the articles are such as are not generally subject to rapid depreciation, and Defendant offered no evidence of depreciation, we can find no reason to reduce the judgment allowing the full value testified to by Plaintiff.
For the reasons assigned, the judgment of the district court is affirmed; Defendants to pay court costs in both courts.
Affirmed.