148 So.2d 857 (1963)
GENERAL ACCIDENT FIRE & LIFE ASSURANCE COMPANY, Ltd.
v.
J. F. D. L., INC.
No. 861.
Court of Appeal of Louisiana, Fourth Circuit.
January 7, 1963.
Rehearing Denied February 4, 1963.
*858 Morphy & Freeman, A. D. Freeman, Jr., New Orleans, for plaintiff-appellant.
Lemle & Kelleher, Dermot S. McGlinchey, New Orleans, for defendant-appellee.
Before YARRUT, SAMUEL and JANVIER, JJ.
SAMUEL, Judge.
This suit for damages by a subrogated insurer against a motor hotel was dismissed on an exception of no cause of action. Plaintiff has appealed.
The petition alleges: While he was a paying guest in the hotel plaintiff's insured made arrangements with the defendant to park an automobile in defendant's garage accommodations. The hotel manager advised the insured that the parking attendant would take care of the car. The attendant parked the car on the street in front of the hotel leaving the keys in the ignition and the automobile was stolen from that location. When it was recovered a suitcase containing clothes and other "contents", the property of the insured, was missing from the trunk. Plaintiff paid its insured $320.10, the value of the suitcase and its contents (and the amount in suit), under the insurance policy in effect between them.
*859 The exception is based on the contention that the suitcase was not a subject of the deposit and therefore there is no liability on the part of defendant.
Under our jurisprudence the operator of a parking lot or garage is a "compensated" depositary or, employing the use of common law terminology, a compensated bailee, and LSA-Civil Code Articles 2932, 2933 and 2937 are here applicable. These articles provide:
"The voluntary deposit takes place by the mutual consent of the person making the deposit and the person receiving it." LSA-C.C. Art. 2932.
"The voluntary deposit can only be regularly made by the owner of the thing deposited, or with his consent expressed or implied.
"Consent is implied when the owner has carried or sent the thing to the depositary, and the latter knowing that the thing had been sent, has not refused to receive it." LSA-C.C. Art. 2933.
"The depositary is bound to use the same diligence in preserving the deposit that he uses in preserving his own property." LSA-C.C. Art. 2937.
We are satisfied that defendant's employee was guilty of negligence in parking the automobile on a public street and leaving the keys in the ignition. Such conduct invited an unlawful taking of the car and is not the use by the depositary of the same diligence in preserving the deposit that he uses in preserving his own property as required by the quoted Article 2937. The diligence required is the use of ordinary care such as is expected of a prudent man. Fireman's Fund Indemnity Company v. Sigard, La.App., 129 So.2d 258.
The responsibility of a depositary may be enlarged by special agreement or by actual or constructive notice and acceptance of the things deposited, or as Art. 2933 provides, by the depositary "not refusing" to receive them. See Mintz v. Audubon Insurance Co., La.App., 140 So.2d 809; Lee v. New Orleans Roosevelt Corporation, La.App., 106 So.2d 855; Munson v. Blaise, La.App., 12 So.2d 623. Thus the question presented is whether the responsibility of the depositary for the automobile itself, for which no claim is here made, was enlarged by notice, knowledge or special agreement and acceptance to include the suitcase and its contents in the trunk of the car.
There is no allegation that this responsibility was enlarged by special agreement or by actual notice or knowledge. The only basis under which the defendant can be held liable is that of constructive notice. But the defendant is liable if defendant's employees had constructive notice of the presence of the suitcase and its contents in the car's trunk and accepted the deposit with this constructive knowledge; and those employees did have such constructive notice if those articles are such as might be expected to be left in the automobile under all the circumstances here involved. Mintz v. Audubon Insurance Co., supra.
It is quite possible that the suitcase and at least some of its contents, as clothing used during travel, are articles such as might ordinarily be expected to be left in an automobile when delivered to a hotel by one of its guests for parking in the hotel's garage accommodations. This is a question to be determined after a trial on the merits and not on an exception of no cause of action.
For the reasons assigned, the judgment appealed from is annulled and reversed, the exceptions of no right or cause of action are overruled, and the matter is remanded to the Civil District Court for the Parish of Orleans for further proceedings consistent with the views herein expressed and according to law, all costs to await a final determination.
Reversed and remanded.