REGAN, Judge.
The plaintiff, Ernest Woodard, filed this suit against the defendant, Joseph St. Cyr, who is engaged in business under the trade name of St. Cyr’s Auto Repair Service, endeavoring to recover the sum of $980.00, representing damages incurred by him as the result of the defendant’s failure to repair his automobile in conformity with an express agreement which existed between them.
The defendant answered and denied that he neglected to repair the plaintiff’s vehicle as per their agreement. He then reconvened in an endeavor to recover the sum of $100.00, representing the balance which he asserts is due from the plaintiff for the repair of the automobile.
The defendant also pleaded the prescription of one year, and in support thereof relied upon Article 3536[1] of the Civil Code.
Following a trial on the merits, the lower court rendered a judgment which dismissed the plaintiff’s suit and the defendant’s re-conventional demand. From that judgment, only the plaintiff has prosecuted this appeal.
The record discloses that the plaintiff delivered his 1955 Oldsmobile to the defendant in order to have the motor repaired, the body painted and a small vent glass installed. On February 11, 1962, the defendant, a professional automobile mechanic, furnished the plaintiff with a written estimate of the work to be performed by him in the amount of $200.00. On or about the same date, the plaintiff deposited $50.00 with the defendant on account of the cost of the repairs.
It is undisputed that the plaintiff visited the defendant’s business establishment on innumerable occasions in order to request the completion of the repairs to his vehicle. The plaintiff estimates that between the time he delivered the automobile to the defendant, which was about February 11, 1962, and June 31, 1962, he visited the defendant’s place of business at least fifty times. In any event, on June 31st, the defendant made an *207 additional payment of $50.00. During this entire period of time, the vehicle was disassembled, and the defendant reiterated promises that the repairs would be completed shortly.
The record further discloses that the vehicle was in the physical possession of the defendant for approximately forty-eight months and during this period of time, the headlights, tires, and parts of the chassis were removed therefrom without the plaintiff’s permission.
The defendant laboriously testified that he replaced the motor in the plaintiff’s vehicle at least once; however, he insists that he performed this service twice because the block of the original replacement engine was cracked by freezing weather. He also asserted that in addition to replacing the engine he repainted the vehicle and installed a portion of glass; that the car remained in his possession so that it could be delivered to the plaintiff upon the payment of the balance due of $100.00 which was never paid and therefore the automobile was never delivered to the owner thereof.
A new trial was granted to the plaintiff upon presentation of evidence to the lower court to the effect that the defendant testified falsely as to certain facts and circumstances within his knowledge. The evidence adduced at the second hearing established that the defendant was incorrect in his statement that the automobile was in his possession and that the vehicle had been repaired and painted. On the contrary, the evidence adduced therein disclosed that the automobile had been towed away by the New Orleans Police Department before the original trial of the case and that the vehicle had neither been repaired or painted. In addition thereto, the photograph taken by the police officer before impounding the vehicle clearly shows that the front part of the body of the automobile was missing, that the front wheels were missing, and that the vehicle, in short, was nothing more than a derelict.
The whole tenor of the record leads us to the inevitable conclusion that the defendant’s testimony not only taxed our credulity, but in the final analysis, it is, in the absolute, not worthy of belief. Suffice it to say that the many inconsistencies and gross misstatements contained in the record leaves us no other alternative but to accept the testimony of the plaintiff in its entirety.
The law is clear to the effect that the defendant had no right to abandon the plaintiff’s vehicle on the public streets even if he did not possess the money to complete the payments assuming of course, for the purpose of this discussion, that the repairs had been effected. Article 2937 of the Louisiana Civil Code clearly pronounces that the depositary is bound to exercise the same diligence in preserving the thing deposited that he uses in conserving his own property.[2] Moreover, the rationale of the jurisprudence makes it quite certain that a mechanic or a garageman to whom a vehicle is entrusted for repairs is a depositary within the intent of this codal article, and that the duty imposed thereby is applicable to him.[3]
Special legislation has been enacted granting the repairman a remedy in the event that he is not paid by the owner of the vehicle. R.S. 9:4501 affords him a privilege on the automobile or other machinery repaired for a period of 90 days from the last day on which parts were made or furnished and labor performed. In addition thereto, the mechanic may enforce this privilege by a writ of sequestration, without the necessity of furnishing bond or other security therefor.
*208 In this case, the defendant’s remedy-was to sequester the automobile and effect its sale in order to realize the unpaid balance due on his contract, if any. If the work was indeed performed by him, his statutory remedy should have been pursued. However, in any case, to reiterate, he is a depositary who is bound to administer the property entrusted to him with the same diligence as if it were his own, and he is not authorized by law merely to abandon the vehicle and permit it to be impounded as a derelict.
In view of the foregoing facts, we must conclude that the defendant did not satisfy the burdens imposed upon him by law for the care of the property entrusted to him for repair. Moreover, the record convinces us that no repairs were ever made to the vehicle by the defendant. Consequently, he must return to the plaintiff the original $100.00 which was deposited for repair work and in view of the breach of the defendant’s duty to properly care for the plaintiff’s vehicle, he must reimburse him for the value thereof as of the date it was entrusted to him. However, since the record is devoid of any evidence concerning the actual value of the vehicle at that time, we find it to be necessary to remand the case for the introduction into the record of sufficient evidence to determine the value of the car on the day that it was delivered to the defendant for the repair thereof.
The final question posed by the defendant for our consideration is the exception relative to the prescription of one year which he pleaded in conformity with Civil Code Article 3536. In answer thereto, we are convinced that the depositor has a right to pursue an action against the depositary under the contract of deposit at any time within a period of ten years,[4] and therefore the rationale of Article 3536 is not applicable to the facts hereof.
For the reasons assigned, the decree of the lower court is reversed and judgment is now rendered in favor of the plaintiff in the amount of $100.00, representing the sum paid by him to the defendant on account of the contract to repair the vehicle.
In addition thereto, the matter is now remanded to the lower court for the introduction of sufficient evidence to establish the value of the plaintiff’s vehicle at the time it was entrusted to the defendant for the repair thereof, which amount shall be awarded to him.
The case is also remanded for such additional proceedings as the nature thereof may require.
The defendant is to pay all costs incurred herein.
Reversed and remanded.

. La.C.C. Art. 3536. “The following actions are also prescribed by one year: “That for injurious words, whether verbal or written, and that for damages caused by animals, or resulting from offenses or quasi offenses.”

. La.C.O. Art. 2937. “The depositary is bound to use the same diligence in preserving the deposit that he uses in preserving his own property.”

. The Standard Motor Oar Company v. State Farm Mutual Automobile Insurance Company, La.App., 97 So.2d 435 (1957); Miller v. Hammond Motors, La. App., 40 So.2d 29 (1949).

. La.C.C. Art. 3544; Douglas v. Haro, 214 La. 1099, 39 So.2d 744 (1949).