220 So.2d 738 (1969)
The TRAVELERS INSURANCE COMPANY
v.
GENERAL AUTO SERVICE, INC.
No. 3359.
Court of Appeal of Louisiana, Fourth Circuit.
March 3, 1969.
Rehearing Denied April 7, 1969.
*739 Jones, Walker, Waechter, Poitevent, Carrere & Denegre, R. Henry Sarpy, Jr., New Orleans for plaintiff-appellee.
Morphy & Freeman, A. D. Freeman, Jr., New Orleans, for defendant-appellant.
Before CHASEZ, REDMANN and BARNETTE, JJ.
REDMANN, Judge.
Defendant appeals from a judgment awarding plaintiff $311.00 for items stolen from plaintiff's insured's car, which had been left with defendant for repair. Plaintiff sues as the subrogee of its insured.
Plaintiff's insured testified that when he left the car in defendant's repair shop there were, in the back seat area, a portable radio, a box of tools, and a man's suit rolled up in a grocery bag. Plaintiff did not recall whether he notified the repairman of the presence of these items, and the repairman testified he did not notice the items. Thus, although we may assume it adequately proven the items were in fact in the car, we conclude that it is not proven that the repairman was informed or put on notice, nor that he did in fact learn prior to the theft, that the items were there.
The car was moved temporarily by defendant from the repair shop to the street, in order to move other vehicles about for purposes of repair. The car was left with defendant without a key and with the ignition switch operable without the key, and of course was in that situation when parked on the street by defendant. Defendant instructed an employee who was working on another vehicle to watch the car, but the car was stolen by a stranger. When the car was recovered the articles that had been in the back seat area were gone and other small items were missing from the glove compartment, which had been forced open. The trunk was undisturbed (the only items there being a spare wheel and a jack).
As to the car itself, which the repairman accepted for repairs for which he was to be paid, he was a depositary, obliged to preserve and return it, LSA-C.C. art. 2926, using the same diligence he uses in preserving his own property, art. 2937, and perhaps subject to rigorous enforcement of that standard of care because he was to be compensated for the transaction (including the deposit of the car), art. 2938.
As to the items left in the car, the liability of the car's depositary for their loss appears to depend on whether the car's *740 depositary either expressly consented to act as depositary for those items also; or had actual knowledge, or was chargeable with constructive knowledge, of their presence in the car so as to imply the depositary's consent under LSA-C.C. art. 2933.
In Munson v. Blaise, 12 So.2d 623 (La. App.1943), plaintiff sued for lost clothing which, he testified, he left in the car he parked in defendant's parking lot and for which defendant's attendant agreed to be responsible. That attendant and another denied any knowledge of the clothing. While the opinion may suggest the court found plaintiff did not prove by a preponderance of the evidence that the clothing was in the car at all, the attendants' testimony did not directly contradict that allegation and the rejection of plaintiff's demand seems to be based exclusively on his failure to prove "the ordinary responsibility of the depositary" of a car was "enlarged" by a special agreement to care for the clothing.
In Lee v. New Orleans Roosevelt Corp., 106 So.2d 855 (La.App.1958), recovery was denied for $1,563.00 of items belonging to plaintiff and his employer lost from the trunk of a car, on the basis that the parking garage proprietor's responsibility was not enlarged by notice, knowledge or special agreement since it was not shown "that the proprietor of the garage or its employee agreed in any way to care for the articles".
In Mintz v. Audubon Ins. Co., 140 So.2d 809 (La.App.1962), plaintiff recovered $171.00 for miscellaneous items left in a car which was stolen while in a repairman's custody. The opinion states the items were such as would ordinarily be left in a car temporarily delivered for repair and held the repairman responsible for them. However, the opinion does not indicate the circumstances surrounding the theft of the car, nor where the items were located or whether they were actually or constructively seen by defendant's employee. The employee who had received the car for defendant was no longer an employee and did not testify.
In General Acc. Fire & Life Assur. Co. v. J. F. D. L., Inc., 148 So.2d 857 (La. App.1963), plaintiff's insured was a guest in a hotel operated by defendant and delivered his car to defendant to be parked in the hotel's garage. The car was stolen after defendant's attendant negligently parked it on the street with the keys in the ignition switch. In reversing a judgment maintaining an exception of no cause of action, the court stated at p. 859 the question was "whether the responsibility of the depositary for the automobile itself * * * was enlarged by notice, knowledge or special agreement and acceptance to include the suitcase and its contents in the trunk of the car"; and since it was "quite possible that the suitcase and at least some of its contents, as clothing used during travel, are articles such as might ordinarily be expected to be left in an automobile when delivered to a hotel by one of its guests for parking in the hotel's garage", a trial on the merits was required.
In the matter before us, plaintiff has not proven express consent by defendant depositary of the car to accept the items within the car, nor has he proven that he notified defendant or that defendant otherwise had actual knowledge of their presence, from which consent to accept them is implied. The nature of the items here would not place them in the category of integral accessories of the car, such as spare and jack (see Munson v. Blaise, supra, quoting 24 Am.Jur., Garages, etc., § 26, now 38 Am.Jur.2d, Garages, etc. § 31); nor are other circumstances shown from which it can be said defendant should have expected such items to be in the car being left for repair; nor was their location or situation such, e. g. on the front seat, that defendant must be charged with having constructively seen them; and we conclude defendant cannot fairly be held to have constructively known of their presence and *741 therefore to have impliedly consented to accept them with the car as a depositary charged with their care.
The judgment appealed from is therefore reversed and plaintiff's suit is dismissed. Each party is to bear his own costs.
Reversed.

ON APPLICATION FOR REHEARING
En Banc (HALL, J., recused).
PER CURIAM.
In its application for rehearing plaintiff ably and earnestly argues our decision in this case is contrary to Mintz v. Audubon Ins. Co., 140 So.2d 809 (La.App.1962), and that we err in distinguishing Mintz.
Our initial opinion here discusses the earlier cases, from which it is clear that in order to enlarge a car depositary's responsibility to include extraneous items left in the car, either the depositary must expressly consent to accept the items, or his consent must be implied from notice, actual or constructive, of their presence.
Mintz itself recites the requirement of actual or constructive notice. However, except for the circumstance that the items there (as here) were includible in the great variety of items people might leave and, in this sense alone, one might expect to find in their cars, Mintz does not recite any evidence relative to actual notice or other circumstances from which constructive notice might properly result.
We believe the expectation which may result from general knowledge that people do leave things in their cars is not sufficient to charge a repairman with constructive notice that in fact his depositor has left some things which the repairman otherwise has no reason to expect. We were in error in Mintz in failing to expressly determine some other circumstances (other than such general knowledge) from which to find notice as a prerequisite to imposing liability, as required by our other cases cited in Mintz itself.
In the present case, our initial opinion notes there was no actual notice, and no circumstances are shown from which constructive notice would result. The application for rehearing is accordingly denied.
Rehearing denied.