SCHOTT, Judge.
Plaintiff appeals from a dismissal of his claim for damages based on the loss of his automobile and its contents occurring while it was in the possession of the defendant, Zeringue, for the purpose of repairing the vehicle.
The undisputed facts are that the transmission on plaintiff’s 1961 Chrysler automobile had been repaired by defendant on at least two previous occasions when, on July 4, 1970, plaintiff again had difficulty *826 with the transmission. On July 6 he called upon defendant to repair the automobile and on July 21, defendant picked up the automobile at plaintiff’s home, using a wrecker owned by co-defendant Kip’s Wrecker Service.[1] Between 8:00 PM on July 22 and 8:00 AM on July 23 while the automobile was at defendant’s shop, it was stolen and never recovered. Except for these facts there is contradictory testimony as to the details surrounding the transaction between the parties.
PLAINTIFF’S TESTIMONY
When plaintiff on July 6 notified defendant that he was again having trouble with the automobile’s transmission defendant told him that he would pick it up as soon as he could get to it. Plaintiff spoke to defendant two or three times between then and the morning of July 21 when defendant told plaintiff he was sending the wrecker to pick up the car and that he would start on the repairs as soon as the wrecker arrived back at his shop. When he checked with the defendant on July 24 to see if the car was ready defendant told plaintiff that he thought plaintiff had come and gotten the car since it was gone from the shop. Plaintiff had last seen his automobile on July 22 when, on the way to his work, he passed defendant’s shop and saw his automobile parked in the street opposite defendant’s shop. He had not accompanied the wrecker to the repair shop. He waited until the 24th to pick up the car because he was waiting to be paid from his job so as to be able to pay the repair bill.
DEFENDANT’S TESTIMONY
From the first day when plaintiff called him about his transmission troubles defendant intended to make the repairs under a warranty owed to plaintiff and told plaintiff that he would get to it as soon as he could find a place for it in his shop, but plaintiff contacted defendant two or three times thereafter and told defendant that his landlord was after him to remove it from the yard of his house. Defendant finally agreed to pick up the automobile, sent the wrecker for it and when the automobile arrived at his shop the plaintiff accompanied the wrecker driver. Plaintiff locked the car up himself and left it across the street from defendant’s place of business, and at that time defendant told plaintiff that he would put it inside the shop as soon as he had a place for it but could not do so at that time. Plaintiff acquiesced in this arrangement.
Defendant’s testimony was substantially corroborated by the testimony of his employee, Mr. Peter Dyer, who testified that plaintiff did accompany the wrecker driver to defendant’s place of business with the automobile, that plaintiff asked the defendant where to put the car and was told to park it across the street because there was no room in the shop, that plaintiff did in fact leave the car there, lock it and bring the keys to the shop.
Ordinarily, when an automobile is brought to a garage for repairs, a depositor-depositary relationship is created. Labbe v. Mt. Beacon Insurance Company, 221 So.2d 354 (La.App. 4th Cir. 1969), Woodard v. St. Cyr, 201 So.2d 205 (La.App. 4th Cir. 1967)
Therefore for our determination as to defendant’s obligations in the premises we look to LSA-C.C. Arts. 2937 and 2938, which provide as follows:
“Art. 2937. The depositary is bound to use the same diligence in preserving the deposit that he used in preserving his own property.”
“Art. 2938. The provision in the preceding article is to be rigorously enforced :
1. Where the deposit has been made by the request of the depositary.
*827 2. If it has been agreed that he shall have a reward for preserving the deposit.
3. If the deposit was made solely for his advantage.
4. If it has been expressly agreed that the depositary should be answerable for all neglects.”
Clearly, in determining whether defendant used sufficient diligence in safeguarding plaintiff’s property the circumstances surrounding the act of deposit must be considered. While the trial judge gave no reasons for his judgment he must have been persuaded by the testimony of defendant and his witness as opposed to the plaintiff, according to which it was well understood that defendant could not begin work on plaintiff’s automobile, that he accepted plaintiff’s car only as a convenience to plaintiff at that time, and plaintiff not only knew that the car would be on the street but acquiesced in this arrangement by leaving the car on the street and presenting the keys to defendant, and by plaintiff’s admission that he saw the automobile on the street after it had been left with defendant and before the theft occurred. The findings of the trial judge relating to credibility of witnesses will not be disturbed in the absence of manifest error.
Furthermore, while Art. 2938 prescribes that under certain circumstances the duty of the depositary is more rigorously enforced than under other circumstances, in the instant case Art. 2938 is not applicable. At the time of the deposit of the automobile the defendant was not ready to work on plaintiff’s automobile and advised plaintiff accordingly. He agreed to take the automobile as a convenience to plaintiff because of the landlord’s insistence that the car be removed but with the understanding that he could not work on the car until he had room in the shop. Thus, none of the four conditions of Art. 2938 were met when the deposit was made so that the provisions of Art. 2937 should not be rigorously enforced. Under these circumstances it cannot be said that defendant is liable under the provisions of Art. 2937 for failing to use due diligence in preserving plaintiff’s property.
Accordingly, judgment is affirmed at plaintiff’s cost.
Affirmed.

. This party was not mentioned in the judgment below and is not a party on appeal.