AUGUSTINE, Judge.
On April 8, 1980, plaintiff Stanley Black-man was driving a 1965 Buick Special near the intersection of Franklin Avenue and Claiborne Avenue when it suddenly broke down. Finding Brady’s Automobile Repair *673 only a half-block away, plaintiff brought the car into the shop and engaged the services of the owner, Kenneth Brady.
After a short inspection of the car, Brady informed plaintiff Blackman that the fuel filter, gas hose, and distributor would have to be repaired or replaced. Blackman then left the shop, having agreed that the work should be done.
Blackman returned the next day and, the work on the car completed, paid the bill of $25.76 and signed the mechanic’s work order. Brady cautioned the plaintiff that additional work would be required to put the carburetor in good condition. Blackman, however, did not care to have the carburetor repaired at that time.
Three days later came the deluge of April 13, 1980, which left many cars stranded throughout the city. Blackman’s was among them, having taken on water, and could not be moved except by tow wagons. He called Brady, who agreed to tow the car back to the shop, the $25.00 tow fee to be paid by Blackman unless the breakdown was caused by defendant’s earlier workmanship.
Upon the car’s arrival at the shop three days later, Brady diagnosed the problem as poor carburetion. Since, in Brady’s opinion, this malfunction was not in any way connected with his earlier work, defendant demanded of plaintiff the $25.00 tow fee. When Blackman refused to pay, Brady informed him that pursuant to his mechanic’s lien, he would retain possession of the car until the debt was satisfied and in addition, charge $5.00 per day for storage.
Two weeks later, Blackman was on a business errand in the neighborhood of defendant’s shop and saw his automobile parked on the street. It had apparently been hit by another car, as there was a noticeable dent in the door that had not been there when he last saw it. Blackman brought this to Brady’s attention, and there was, as expected, a dispute over who should bear the cost for repairing the dent.
Several weeks later, on the morning of Monday, May 12, 1980, plaintiff was again in defendant’s neighborhood and saw that his car had been burglarized. Blackman called the police and reported his entire car stereo unit missing: four speakers, an “equalizer” and a cassette recorder valued at approximately $390.00. Defendant admitted that he had “stored” the automobile on the public street for the entire weekend.
Plaintiff filed the present action for damages to the ear and loss of the car stereo. Defendant reconvened, alleging that Black-man owed him $325.00 for storage and the unpaid tow fee.
The trial court awarded $337.16 to the plaintiff and further ordered defendant to inflate Blackman’s tires. Blackman was ordered to pay $25.00 to Brady for the tow fee. Brady now appeals.
We affirm. The contractual relationship between an automobile repairman (such as Brady) and his customer is that of bailor-bailee, and is governed by the Louisiana Civil Code Articles concerning Deposit, Arts. 2926, et seq.
A deposit, in general, is an act by which a person receives the property of another, binding himself to preserve it and return it in kind. Art. 2926.
Although, strictly speaking, the deposit is essentially gratuitous (Art. 2926), the Civil Code does recognize compensated deposit as one of its species. Art. 2938(2).
The gratuitous depositary is bound to use the same diligence in preserving the deposit that he uses in preserving his own property. Art. 2937. The compensated depositary, however, owes a higher standard of care, as Art. 2938(2) provides that the foregoing duty is to be “rigorously enforced” if it has been agreed that he (the depositary) shall have a reward for preserving the deposit.
Once the depositor establishes loss or damage to the object of the deposit, it shall be presumed that the loss or damage was caused by the breach of defendant’s duty, defined above. Defendant’s lack of fault, being an affirmative defense, must be pleaded and affirmatively proved if the defendant is to prevail. La.Code of Civil Pro. Art. 1005.
*674 Regarding the sphere of repairman’s duty, it has been held that he is responsible not only for the automobile itself, but also for its contents, provided he has actual or constructive knowledge of them. Insurance Co. of North America v. Solari, 370 So.2d 503 (La.1979). Mintz v. Audubon Insurance, 140 So.2d 809 (La.App. 4th Cir. 1962).
On the basis of the foregoing principles, we find the defendant liable as a compensated depositary for damages occasioned by the burglary of Blackman’s automobile and the theft of his stereo system.
That the defendant was a depositary cannot be disputed, nor does he deny that he sought compensation for the deposit.
Brady’s duty to the depositor extended beyond the car itself to include the plaintiff’s stereo system, as this is an item which must be regarded as an integral accessory to the automobile. The defendant is therefore charged with constructive knowledge of its existence. Travelers Insurance Co. v. General Auto Sales, Inc., 220 So.2d 738 (La.App. 4th Cir. 1969).
Additionally, one of Brady’s own mechanics, Paul Gautier, had noticed the stereo system inside plaintiff’s automobile while it was in the defendant’s shop. Gautier’s actual knowledge is therefore imputed to his employer Brady.
Given that the stereo system was within Brady’s sphere of duty as a compensated depositary, the question remains whether Brady’s acts constitute breach.
We find that the defendant did not carry the burden of proving his lack of fault. The record reveals that he allowed plaintiff’s car to frequently remain on the street without protection of any kind for almost an entire month.
On at least two occasions, the automobile was left on the street for the entire weekend. Sometime during the first of these weekends, plaintiff’s automobile was noticeably dented, probably after having been hit by another car. Although plaintiff complained of this fact to defendant, his plea for better protection apparently went unheeded. As the record reveals, the subsequent burglary of Blackman’s car was discovered early in the morning on May 12, 1980, a Monday; the car had again been left on the street the entire weekend.
The burglary of Blackman’s car was certainly a foreseeable risk, perhaps even a predictable act, given the length of time it was allowed to remain vulnerable. We can easily imagine that to the casual observer, the automobile appeared abandoned, and to the thief, it was an easy mark.
Under very similar circumstances, this court has held that, “the law is clear to the effect that the defendant has no right to abandon plaintiff’s vehicle on the public streets even if he did not possess the money to complete the payments (for repair) . . . In this case, the defendant’s remedy was to sequester the automobile and effect its sale in order to realize the unpaid balance due on the contract, if any. If the work was indeed performed by him, his statutory remedy should have been pursued.” Woodard v. St. Cyr, 201 So.2d 205 (La.App. 4th Cir. 1967).
We find that having unnecessarily created the risk of loss, it is Brady rather than Blackman who must bear the consequences.
Defendant contends, however, that his liability is extinguished by virtue of a clause appearing on the work order, signed by the plaintiff, which disclaims liability for damage or theft. For this clause to have legal effect, it must be affirmatively shown that the plaintiff had actual knowledge of it and that he assented to its terms. Grabert v. James C. Noel Flying Service, Inc., 360 So.2d 1363 (La.App. 3rd Cir. 1978); Guillot v. Kaplan Farmers Co-op, Inc., 352 So.2d 402 (La.App. 3rd Cir. 1977).
The document to which Brady refers was signed after the first deposit was terminated (i.e., after Brady had completed the work on Blackman’s car when it was brought in for repair the first time). But Blackman signed no such work order governing the second deposit of his car with Brady. It was during this later deposit that Black-man’s car was burglarized.
*675 We cannot infer from Blackman’s belated signature on the work order limiting Brady’s liability for the first deposit his intent to release Brady from liability for the second deposit.
For the foregoing reasons, the judgment of the district court is affirmed.
AFFIRMED.