BOUTALL, Judge.
This is a suit for redhibition and for damages. From a judgment maintaining the defendants’ exceptions of prescription and dismissing the plaintiff’s suit, the plaintiff has appealed.
Karl A. Seeman, III purchased a customized Dodge van from Clearview Dodge Sales, Inc. (Clearview) on February 6,1980. He returned the vehicle to Clearview for repairs on several occasions between February 17, 1980 and May, 1980. Thereafter it remained at the dealership. He filed this suit on November 15, 1982. Trial of the exceptions of prescription filed by Clear-view and Chrysler Corporation, manufacturer of the van, was held on December 9, 1983. The court found in favor of the defendants and dismissed the suit. This appeal followed.
The issues raised are whether the seller had continued, rather than abandoned, its attempts to repair the defects, thus interrupting the one-year prescriptive period for redhibition suits, and whether the plaintiff’s claim is subject to the ten-year prescriptive period because of Clearview’s breach of duty under the bailment or deposit contract and under the general contract to repair.
The parties are in agreement that the jurisprudence has established an exception to the one-year prescriptive period for redhibition, in that the period does not begin to run until the date on which a seller, having undertaken to repair defects in the product, has abandoned his attempts to repair. Robertson v. Jimmy Walker Chrysler-Plymouth, 368 So.2d 747 (La.App. 3rd Cir.1979). Further, the interruption of prescription continues as long as the seller has communicated to the purchaser, orally or in writing, that the defect can be remedied. Sweeney v. Vindale Corp., 574 F.2d 1296 (5th Cir.1978). Therefore, the question is a factual one, whether Seeman was led to believe that Clearview was continuing its efforts to repair the defects.
At the trial Clearview Dodge and Chrysler put on two witnesses, Richard Brandhurst and Roy N. Boyer. Bran-dhurst was the service manager for Clear-view Dodge in 1980 and until March, 1982. He identified the service record on the van and read the last date of repair as April 14, 1980, at which time the problems were the center air conditioning vent, an inoperative heater selector, and water leaks at the right and left door vents. He remembered Mr. Seeman and the van and testified that the repairs were completed satisfactorily. He stated that if anyone had told Mr. See-man that certain work would be done on the van, it would have been written on a ticket. He knew that a seat had been removed from the rear of the van while the van was at Clearview Dodge, but did not know whether it had been replaced. He told Seeman to report the missing seat to his own insurance company, that he would call Clearview’s insurer and the two companies would arrange between themselves for its replacement. He also told Seeman on April 14, 1980 that the van was ready and he could take it.
Roy N. Boyer, a shop foreman at Clear-view, had been employed there since July 2, 1981, and testified that he was familiar with and had researched Clearview’s records, which had been computerized shortly before he became employed there. Whenever a vehicle came in, the service department punched in its serial number and each visit was recorded. The computer print out, Exhibit C-l, indicated that no work had been done on the van since Boyer came to work July 2, 1981. When the appellant’s counsel showed Boyer the service record, he stated that there were no notices to Mr. Seeman instructing him to pick up the van. Boyer testified that he normally would send a letter stating that storage charges would be imposed if the customer failed to pick up the vehicle. The letter would be placed in the customer’s file. Normally if a customer were told of service to be rendered it would be noted on a ticket. Boyer did not recognize Seeman in the courtroom nor remember seeing him at Clearview. Upon objection of the appellant’s counsel, the court refused to allow the service records to be placed in evidence *1334 because Boyer was unable to swear that they were complete, but did permit introduction of the computer printout.
We have detailed the testimony of these two witnesses in considerable extent because their testimony, plus the computer printout, is the entire evidence in the case. The plaintiff did not testify, and while his attorney argues a number of things he was told concerning the repairs to be made, there is nothing in evidence that contradicts the testimony of the defendant witnesses. The trial judge must have accepted the testimony as substantially true, and we agree.
As the record stands there is nothing to demonstrate any repairs or attempt at repairs past April, 1980 and the one year prescription has tolled. Accordingly, the claim in redhibition had prescribed by the time suit was filed and the trial judge properly maintained the exceptions.
Plaintiff additionally argues that a different prescriptive period attaches to this case and raises the issue of whether plaintiffs claim is subject to the ten year prescriptive period because of Clearview’s breach of duty under the bailment contract and under the general contract to repair. This issue arises because when the van was presented to plaintiff for return after the repairs were completed in April, the rear captain’s chair in the van was missing, along with other unspecified articles. There is further allegation that the van has been vandalized or stripped to a greater extent as it remained in Clearview’s custody. Plaintiff basically alleges these facts in his petition in Articles 15, 17, 24 and 25 and apparently computes these damages in Article 26 including them in the cost of the van. Although a cause of action for violation of the obligations under a deposit may be inartfully expressed in the petition, nevertheless the essential facts are pleaded, and the prescription applicable thereto is different than the one year prescription on redhibition.
Louisiana Civil Code article 2926 defines the deposit as an act by which a person receives the property of another, binding himself to preserve it and return it in kind. LSA-C.C. art. 2937 obliges the depositary to use the same diligence in preserving the deposit that he uses in preserving his own property. There are numerous cases in our jurisprudence which hold that a deposit is created when a person delivers his automobile to a repairman or garage in order for repairs tó be made. Additionally, such a depositary is considered to be a compensated depositary. See Brady v. Blackman, 411 So.2d 672 (La.App. 4th Cir.1982); Baker v. Employers’ Fire Insurance Company, 201 So.2d 349 (La.App. 2nd Cir.1967); Woodard v. St. Cyr, 201 So.2d 205 (La.App. 4th Cir.1967); Mintz v. Audubon Insurance Company, 140 So.2d 809 (La.App. 4th Cir.1962). The applicable prescription applying to deposi-taries is set out in LSA-C.C. art. 3544 (now article 3499) which grants a ten year prescriptive period in which to bring suit. See Woodard v. St. Cyr, supra; Standard Motor Car Co. v. State Farm Mut. A. Ins. Co., 97 So.2d 435 (La.App. 1st Cir.1957); Douglas v. Haro, 214 La. 1099, 39 So.2d 744 (La.1949).
Accordingly, although we affirm the judgment maintaining the prescription of one year against the redhibitory action, the trial judge was in error in dismissing the entire suit. There is still within the allegations of the petition a viable demand as a depositor against the depositary which has not prescribed. Accordingly, we must remand the issue of the demand under deposit to the trial court for further proceedings as to that issue.
The judgment maintaining the exception of prescription of one year against the red-hibitory action is affirmed and that portion of plaintiff’s petition is dismissed. We reverse and dismiss the exception of prescription against the action or demand in deposit, and remand for further proceedings thereunder.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.